RYAN *v.* THURSTON, ETC. ET AL.

[No. 82, September Term, 1975.]

*Decided December 2, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*John H. Urner,* with whom were *William P. Nairn* and *Byron, Moylan & Urner* on the brief, for appellant.

No brief filed on behalf of appellees.

MURPHY, C. J., delivered the opinion of the Court.

We granted certiorari in this case to consider the scope of appellate review applicable to appeals taken on the record from the District Court of Maryland to the circuit courts of the counties or, in cases arising in Baltimore City, to the Baltimore City Court (civil appeals) and the Criminal Court of Baltimore (criminal appeals).

Maryland Rule 1386 governs the scope of review in such cases and provides that the reviewing court:

> "will review the case upon both the law and the evidence, but the judgment of the lower court [the District Court] will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses."

The quoted language of Rule 1386 is identical to that contained in Maryland Rules 886 and 1086 which govern, respectively, the scope of appellate review in cases before the Court of Appeals and the Court of Special Appeals. These

rules have been consistently interpreted to require that appellate courts accept and be bound by findings of fact of the lower court unless they are clearly erroneous. *Harford Sod Co. v. Randall Dev. Corp.*, 264 Md. 214, 285 A. 2d 656 (1972); *Baldi Constr. Eng'r, Inc. v. Wheel Awhile, Inc.*, 263 Md. 670, 284 A. 2d 248 (1971); *Gosman v. Gosman*, 19 Md. App. 66, 309 A. 2d 34 (1973). The appellate court must consider evidence produced at the trial in a light most favorable to the prevailing party and if substantial evidence was presented to support the trial court's determination, it is not clearly erroneous and cannot be disturbed. *Delmarva Drill Co. v. Tuckahoe*, 268 Md. 417, 302 A. 2d 37 (1973); *A. S. Abell Co. v. Skeen*, 265 Md. 53, 288 A. 2d 596 (1972); *Jacober v. High Hill Realty, Inc.*, 22 Md. App. 115, 321 A. 2d 838 (1974). The trial court is not only the judge of a witness' credibility, but is also the judge of the weight to be attached to the evidence. *Knowles v. Binford*, 268 Md. 2, 298 A. 2d 862 (1973); *Ritter v. Danbury*, 15 Md. App. 309, 290 A. 2d 173 (1972). It is thus plain that the appellate court should not substitute its judgment for that of the trial court on its findings of fact but will only determine whether those findings are clearly erroneous in light of the total evidence. *Boettcher v. Van Lill*, 263 Md. 113, 282 A. 2d 122 (1971); *Colburn v. Colburn*, 15 Md. App. 503, 292 A. 2d 121 (1972).

We hold that the scope of review of an appeal taken on the record from the District Court is the same as that applicable under Rules 886 and 1086, and that the cases applying these rules are controlling authority governing the interpretation of the scope of appellate review under Rule 1386.

In the case now before us undisputed evidence (including that of a disinterested eyewitness) was adduced at the trial before District Court Judge J. Louis Boublitz that the appellant Ryan was driving his vehicle at approximately 15 miles per hour along a narrow street in Hagerstown when another vehicle, moving at a high rate of speed, suddenly entered the street from an intersecting alley without stopping. The evidence showed that the other vehicle, upon entering the street, passed to the immediate rear of Ryan's automobile and that to avoid a collision Ryan steered his

automobile to the left of the narrow street, ran over a curb and struck the appellees' garage which was situated approximately 15 feet from the curbline. Judge Boublitz concluded from the evidence that because of the emergence of the other vehicle from the alley Ryan was "faced with a sudden emergency"; that "he made a choice; he had to make a choice quick whether to speed up, whether to slow, try to stop, turn to the right or turn to the left"; and that Ryan's decision "to turn to the left . . . would be the natural reaction with the car coming from the right in order to try to get out of the way." The district judge held that Ryan was not negligent in the circumstances and denied the appellees' claim for damages to the garage and the automobile therein garaged.

On appeal to the Circuit Court for Washington County taken on the record made in the District Court, the circuit court said that because the "phantom" vehicle passed to the rear of Ryan's automobile, it was "hard . . . to understand why . . . [Ryan] was faced with any real emergency since he obviously could have proceeded forward, or he could have skidded to a stop in the street, based on his testimony and that of the eyewitness, without colliding with anything." In reversing the judgment of the District Court, and awarding damages to the appellees, the circuit court held that Ryan "either failed to keep his car under proper control or failed to keep a proper lookout, or both, and therefore he was negligent when he damaged the garage and the other automobile."

We said in *Warnke v. Essex*, 217 Md. 183, 186-87, 141 A. 2d 728, 729 (1958):

"Generally, the operator of an automobile who suddenly finds himself in a position of peril is not required to exercise the same care as when he has ample time to reflect upon the course of action he should pursue. *Burhans v. Burhans*, 159 Md. 370, 150 A. 795 (1930). However, if the operator is not actually in a position of sudden peril, or, if the peril arises because of his own negligence, then the emergency rule is not applicable. 5 *Am. Jur.*,

*Automobiles,* § 171; 60 *C. J. S., Motor Vehicles,* § 257.

"The relevant inquiry, then, is whether an ordinarily prudent person would have acted in the same manner as the defendant did in this case. The mere fact that a person finds himself in a predicament or emergency does not automatically relieve him of the obligation to use ordinary care. The amount of care might change, of course, but the degree or standard of *ordinary care* is always the same, *i.e.,* the care that would be used by an ordinarily prudent person under the same circumstances, the emergency itself always being considered and weighed as one of the circumstances. See 2 *Harper and James, Law of Torts* (1956), § 16.11, and *Prosser, Torts* (1955), § 32."

It is well settled that whether the operator of an automobile was confronted with an emergency and whether he acted negligently under the circumstances are generally questions for the trier of fact. *Lehmann v. Johnson,* 218 Md. 343, 146 A. 2d 886 (1958); *Warnke v. Essex, supra; State v. Belle Isle Cab Co.,* 194 Md. 550, 71 A. 2d 435 (1950); *Consolidated Gas, Elec. L. & P. Co. v. O'Neill,* 175 Md. 47, 200 A. 359 (1938); *Armstrong v. Johnson Motor Lines, Inc.,* 12 Md. App. 492, 280 A. 2d 24 (1971). The District Court's factual determination that Ryan was faced with a sudden emergency and acted in a reasonably prudent manner in the circumstances was supported by substantial evidence. In view of the evidence produced at the trial, we think it plain that the circuit court substituted its judgment on the facts for that of the District Court when it concluded that Ryan was not confronted with an emergency and acted in a negligent manner in his response to the vehicle which suddenly emerged from the alley. If it was the intention of the circuit court to hold, as a matter of law, that there was no emergency, we think the court would also have been in error. As we see it, however, the circuit court simply disagreed with the District Court over a factual

determination, rather than a legal conclusion, and since the District Court was not clearly in error in its findings of fact, its judgment was improperly reversed by the circuit court. Rule 1386. *Compare Virginia Freight v. Montgomery,* 256 Md. 221, 260 A. 2d 59 (1969).

> *Judgment of the Circuit Court for Washington County reversed; case remanded to that Court with directions to affirm the judgment of the District Court; costs to be paid by appellees.*