MARSIDE, INCORPORATED *v.* TAMARA MOSLEY

[No. 303, September Term, 1975.]

*Decided December 4, 1975.*

The cause was argued before GILBERT, LOWE and MASON, JJ.

*Robert G. Durnal* for appellant.

*Michael Bowen Mitchell,* with whom were *Clifton J. Gordy, Jr.,* and *Harry A. E. Taylor* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

On May 27, 1975 we granted certiorari to review an interpretation of Real Property Art., § 11-110 (f) by the Circuit Court for Anne Arundel County. That section provides for the enforcement of a lien against a condominium unit arising from assessments permitted by the Horizontal Property Act, to maintain the common elements of the condominiums.

Sec. 11-110 (d) declares that any such assessment:

"... constitutes a lien on the unit on which it is assessed, *if a statement of lien is recorded within two years after the date the assessment becomes due....*" (Emphasis added).

There follows § 11-110 (f) purporting to discuss "Enforcement of lien." That section contains the equivocal sentence calling for interpretation under the facts of this case:

"(f) *Enforcement of lien.* — The lien may be enforced and foreclosed by the council of unit owners, or any other person specified in the bylaws, in the same manner, and subject to the same requirements, as the foreclosure of mortgages or deeds of trusts on real property in the state containing a power of sale, or an assent to a decree.

*Suit for any deficiency following foreclosure may be maintained in the same proceeding AND SUIT TO RECOVER A MONEY JUDGMENT FOR UNPAID ASSESSMENTS MAY BE MAINTAINED WITHOUT WAIVING THE LIEN SECURING THE SAME.* No action may be brought to foreclose the lien unless brought within three years following the recordation of the statement of condominium lien. No action may be brought to foreclose the lien except after ten days' written notice to unit owner given by registered mail — return receipt requested, to the address of the unit owner shown on the books of the council of unit owners." (Emphasis added).

We find ourselves factually limited in our review because of the absence of any transcript of testimony. This is due to the unique procedure utilized by the judge below for obtaining the facts he felt necessary to his determination. The court served an order upon the parties calling upon them to admit or deny certain factual predicates set forth by him. We too are restricted to the admissions or explanations in the affidavits of response to these factual "propositions." Although the procedure helped narrow the issue for which we granted certiorari, it also makes more difficult a review on the merits.

It appears that appellant, Marside Incorporated (Marside), purchased for $525.00 at a constable's sale a condominium unit owned by appellee Tamara Mosley. Marside filed an action of forcible entry and detainer in the District Court of Anne Arundel County to obtain possession of the property. The District Court issued a Warrant of Restitution. This was appealed by appellee to the Circuit Court. That court ruled that the deed was a nullity, based upon its interpretation of § 11-110 (f), and rescinded the Warrant of Restitution.

Mrs. Mosley had been indebted to the Council of Co-Owners of Warfield Condominium for the sum of $330.83 as a result of assessments to maintain the common elements of the property. To collect the debt due it, Warfield declined

to perfect a lien pursuant to § 11-110 (d), but chose rather to sue in District Court where it obtained a money judgment for $330.83. This judgment was recorded on June 14, 1974 among the District Court judgment records filed in the Circuit Court. There is no evidence or allegation that "a statement of condominium lien [was] recorded among the land records of the county . . ." in compliance with prerequisites of § 11-110 (d) which reads in full as follows:

> "(d) *Assessment constitutes lien.* — Any assessment, until paid, together with interest, late charges, if any, and actual costs of collection, and reasonable attorney's fees, constitutes a lien on the unit on which it is assessed, if a statement of lien is recorded within two years after the date the assessment becomes due. The lien shall be effective against a unit from and after the time a statement of condominium lien is recorded among the land records of the county where the unit is located, stating the description of the unit, the name of the record owner, the amount due and the period for which the assessment was due. The clerk shall index the statement of condominium lien under the name of the record owner in the grantor index and in the block index if one is maintained by the clerk. The statement of condominium lien shall be signed and verified by an officer or agent of the council of unit owners as specified in the bylaws and then may be recorded. On full payment of the assessment and other permitted amounts for which the lien is claimed the unit owner shall be entitled to a recordable satisfaction of the lien in any form used for the release of mortgages in the county in which the condominium is located."

Still following the common law procedure for enforcement of a money judgment for debt, a writ of fieri facias was issued out of the District Court and levied on Mrs. Mosley's condominium. A constable's sale was subsequently held and Mrs. Mosley's condominium was sold to Marside. A deed

was then executed by the constable to Marside. The fourth and final proposition set forth for affirmance or denial by the court below, and the parties' affidavits in response,[1] sharpens the question before us: *i.e.*, does the enactment of § 11-110 (f), effective July 1, 1974, provide an additional, simplified procedure for lien security and enforcement of assessments for common elements of condominiums, or is the new remedy an exclusive one, precluding all other procedures for recovery of the debt?

The court's "MEMORANDUM OF DECISION AND ORDER" held, in effect, that the procedure provided in § 11-110 (f) for enforcement of a lien is an exclusive remedy for recovering money owed as assessments for common expenses of the common elements. The court said in part that:

> "Section 11-110 (f) of the Real Property Article, *Maryland Code*, as enacted in 1974 requires that a condominium lien be enforced and foreclosed — in the same manner as foreclosure of mortgages or deeds of trust on real property. Therefore, the "W" Rules of *Maryland Rules of Procedure* apply. Rule W72 b requires that an action to foreclose a mortgage shall be filed in an equity court of the county in which the mortgaged property is located.
>
> Therefore, it is obvious that all actions undertaken by Appellee in the District Court subsequent to the obtaining of the judgment were contrary to the statutes and rules of procedure in

---

1.

"(4) That at no point during these entire proceedings did the Council of Co-Owners of Warfield Condominium 2-D avail itself of the foreclosure provisions of Section 11-110 (f) of the Real Property Article of the *Maryland Code*, as enacted by the 1974 Session of the Legislature, Chapter 641."

Marside's response was "That it admits proposition 4, and says further that the Council of Co-Owners of Warfield Condominium 2-D availed itself of the 'suit to recover money judgment' provision of Section 11-110 (f) as referred to in the Order." Mrs. Mosley stated that she had no knowledge or reason to believe that the condominium council availed itself of said provisions.

such cases made and provided. The District Court, lacking jurisdiction to foreclose a condominium lien, the deed upon which the warrant of restitution was based was void and the warrant improperly issued. *Scarlett v. Robinson*, 112 Md. 202, 206."

Our opinion differs from that of the trial judge only in his use of one word, "requires." We think that § 11-110 (f) "permits" enforcement of a condominium lien in the same manner as a mortgage foreclosure, but does not require it. The language of § 11-110 (f) is permissive, not mandatory, indicating that the legislative intent was to provide an additional procedure of collection but not to restrict recovery to that procedure alone. The section begins, "The lien *may* be enforced. . . ." (Emphasis added). The court below reached its erroneous conclusion by misreading a compound sentence in § 11-110 (f). The opinion reasoned that:

"While Marside maintains the Council of Co-owners availed itself of the 'suit to recover money judgment' provisions of Section 11-110 (f), such provision may be availed of 'for any deficiency *following foreclosure.*' Foreclosure never having been conducted, it follows that there could be no such deficiency."

The court was referring to the sentence of § 11-110 (f) which reads:

"Suit for any deficiency following foreclosure may be maintained in the same proceeding and suit to recover a money judgment for unpaid assessments may be maintained without waiving the lien securing the same."

As interpreted below, the suit for money judgment could be maintained only to recover a deficiency "following foreclosure." If that were so, since a lien is wiped out by foreclosure, the sentence following "and" would be meaningless because there would be no lien left that the "suit to recover a money judgment . . . may be maintained without waiving. . . ." We do not read the subject of the

second half of that sentence ("suit") following the conjunction "and," as being limited by the prepositional phrase which qualifies the subject in the first half of the sentence — "for any deficiency following foreclosure." When the subject ("suit") is repeated, it is again immediately modified by the prepositional phrase that follows, *i.e.*, "to recover a money judgment," and thus should be read separately from the first. This sentence simply provides that the customary common law action for debt — "suit to recover a money judgment . . ." may be maintained without fear of losing the special lien provided — *if* that lien has been perfected pursuant to § 11-110 (d).

"Since assessments for common expenses are not a lien until the recordation of the 'Statement of Condominium Lien' has been accomplished . . ." see *Comment* following § 11-110, we fail to see how § 11-110 (f) is relevant here at all, in light of the fact that there had been no assertion of the lien nor evidence to indicate that the Warfield Council of Co-owners had perfected their lien by compliance with § 11-110 (d). The constable's sale did not arise from foreclosure of a condominium lien provided for by the statute. It was the result of execution on a money judgment. We must, therefore, reverse the judgment of the circuit court which rescinded the Warrant of Restitution.

We will remand, however, for a new trial, in a more customary manner, because of the complete absence of any trial record. The allegations of fraud asserting that Warfield (who brought about the sale) and Marside, (who bought the condominium) were both represented throughout by the same attorney, together with the highly suspicious purchase price of $525.00 for a property allegedly valued at $18,500, cause us concern in the absence of explanation. In *Garland v. Hill*, 28 Md. App. 622, Judge Gilbert reminded us that the Court of Appeals long ago held that ". . . inadequacy of price is to be regarded as a strong auxiliary argument, in combination with circumstances calculated to cast doubt or suspicion upon the correctness of a sale." *Johnson v. Dorsey*, 7 Gill 269, 294. The circumstances alleged (which the lower court found did not amount to fraud) together with

the apparently grossly inadequate purchase price, leave us with an uncomfortable sense that justice may be denied due to the absence of facts before the court; notwithstanding that the evidentiary void at the first trial appears to lay at the feet of the counsel below.[2] Retrial may determine the facts necessary for justice to be done, provided counsel are prepared, although it appears that the rights of the appellee could be more appropriately asserted in an equity proceeding to test the validity of the sale and resulting deed.

We commend the trial judge below for attempting to acquire information that would help him avert "a complete travesty of justice." We are confident that he will insist on additional facts upon retrial in the light of our opinion.

> *Judgment vacated.*
> *Case remanded for new trial.*
> *Costs to be paid by appellee.*

---

**2.** The trial court's opinion carried an explanation of the lack of facts in the record which should also serve as sufficient admonition to counsel on remand:

> "At the hearing on the appeal counsel for Appellant was not only late in appearing in court, but so completely unprepared on both the law and on the facts that it became obvious to the court that to proceed further on defendant's nebulous allegations of fraud without proof thereof could result in a complete travesty of justice. All that was shown was that while counsel for Appellee may have exhibited questionable professional ethics in representing or attempting to represent so many interests throughout the entire matter which brought the case before the court, there was no fraud. On the other hand, Appellee exhibited a constable's deed for the property in question, asserted the finality of a prior judgment in the District Court, and rested."