## KOWELL FORD, INC. *v.* CARL DANIEL DOOLAN

[No. 2, September Term, 1978.]

*Decided October 10, 1978.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ■ LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*Gary G. Leasure,* with whom were *John J. Coyle, Jr.,* and *Carscaden, Gilchrist & Getty* on the brief, for appellant.

Carl Daniel Doolan, in proper person, appellee.

DIGGES, J., delivered the opinion of the Court.

In this case, here on certiorari, we consider whether in an on the record appeal to the Circuit Court for Allegany County (Getty, J.) from a judgment entered in the District Court of Maryland, the reviewing court was correct in concluding that the trial court was clearly erroneous in its factual determinations.[1] The circuit court in so deciding, we conclude, committed error.

Maryland Rule 1386 controls the scope of on the record appeals from the District Court and stipulates that the circuit court

> will review the case upon both the law and the evidence, but the judgment of [the District Court] will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses.

---

1. Md. Code (1974), § 12-401 (c) of the Courts and Judicial Proceedings Article provides:

> *De novo and on record appeals.* — In a civil case in which the amount in controversy exceeds $500, and in any case in which the parties so agree, an appeal [to the circuit court] shall be heard on the record made in the District Court. In every other case, including a criminal case in which sentence has been imposed or suspended following a plea of nolo contendere or guilty, an appeal shall be tried de novo.

As Chief Judge Murphy recently observed for this Court in *Ryan v. Thurston,* in considering an on the record appeal from the District Court, a circuit court must, under Rule 1386,

> accept and be bound by findings of fact of the lower court unless they are clearly erroneous. The appellate court must consider evidence produced at the trial in a light most favorable to the prevailing party and if substantial evidence was presented to support the trial court's determination, it is not clearly erroneous and cannot be disturbed. The trial court is not only the judge of a witness' credibility, but is also the judge of the weight to be attached to the evidence. It is thus plain that the appellate court should not substitute its judgment for that of the trial court on its findings of fact but will only determine whether those findings are clearly erroneous in light of the total evidence. [276 Md. 390, 392, 347 A. 2d 834, 835-36 (1975) (citations omitted).[2] ]

In the case now before us, in which respondent-appellee Carl Daniel Doolan seeks damages for fraud, deceit, and breach of warranty in connection with the sale of a used automobile, the only important evidence produced which appears to be free of dispute is that Doolan, on June 11, 1976, purchased for $3900 cash a 1973 Datsun from the petitioner-appellant, Kowell Ford, Inc. The record of the proceedings in the trial court reveals, however, that there is a sharp conflict between the parties pertaining to the events which took place surrounding the negotiation of this transaction.

---

2. *Ryan* further holds that

> the scope of review of an appeal taken on the record from the District Court is the same as that applicable under Rules 886 [to this Court] and 1086 [to the Court of Special Appeals], and that the cases applying these rules are controlling authority governing the interpretation of the scope of appellate review under Rule 1386. [276 Md. 390, 392, 347 A. 2d 834, 836 (1975).]

Purchaser Doolan testified that in response to a radio advertisement he went to the automobile dealer's place of business on June 10, 1976, where, after inspecting and then road-testing the vehicle for about one-half mile, he interrogated Kowell Ford salesman George Russell concerning the Datsun's condition and history of ownership. The witness related that Russell, whom he had previously known as a schoolmate, stated that the Datsun had been owned by a local salesman who had traded it to Kowell Ford for a new automobile, that the vehicle had low mileage, and that it had not been hit anywhere.[3] Doolan said Russell explained the low mileage shown on the odometer by stating that the previous owner also had another vehicle. Respondent further testified that when, accompanied by his father, he returned the next day to consummate the transaction, he was again assured by Russell that the Datsun had been locally owned and had been traded by the previous owner to Kowell Ford for a new automobile. In this regard, the witness' testimony was corroborated by his father. The bill of sale for the Datsun, received in evidence at the instance of Kowell Ford, records that the dealer certified the true mileage was as indicated on the odometer (19,104); it further shows that the space which indicates that the actual mileage is unknown to the seller was not checked. There was further testimony from Doolan that he observed a few days after he received the Datsun that the odometer was not functioning. Although the seller replaced the inoperative odometer, which had not been working for some time, this was just the beginning of many maintenance problems that eventually cost Doolan nearly $800 and led him to attempt a trade-in with another dealer after owning the automobile only six months. It was in connection with this trade, according to the witness, that he learned for the first time that the Datsun had not been locally owned but had been purchased by Kowell Ford at an automobile auction in Pennsylvania where it was being sold

---

3. The witness did not disclose whether he was given any further clues as to the identity of the previous owner.

following the vehicle's involvement in a collision in New York State in which it was substantially damaged.

Much of the Doolan testimony was contradicted by George Russell, the seller's salesman. He testified that at the time the Doolan transaction took place he had been working for Kowell Ford for only two months, that the purchaser tested the Datsun but asked no questions concerning its prior ownership, and that he did not recall any questions being asked concerning the odometer. He further informed the District Court that at the time of the sale he had no knowledge concerning the identity of the vehicle's prior owner or where Kowell Ford acquired it and consequently had not indicated to Doolan that the Datsun was a trade-in by a local owner-salesman on a new car.

District Court Judge Milton Gerson elected to accept Russell's version of what took place and as a consequence determined that no fraud or deceit had been perpetrated by the seller. The judge, however, did conclude that there was a breach by the seller of "implied warranty of merchantability" which resulted in $500 damages to the purchaser and accordingly entered judgment in favor of Doolan against Kowell Ford for that amount and costs.

Carl Doolan, dissatisfied with this result, appealed to the Circuit Court for Allegany County. There, the judge, upon reviewing the record, concluded that the reasons assigned by the District Court for believing the testimony of the automobile dealer's salesman — that a person selling cars for only two months would not lie, although it might be otherwise if he had been a salesman for two years, and that if the plaintiff had been told the car was local he would have investigated further to discover the identity of the owner — formed an impermissible basis for a factual determination on such a crucial issue. As a consequence, the reviewing court judge, after utilizing Maryland Rule 1386 to declare the finding of the District Court to be clearly erroneous, accepted Doolan's version of the representation made by the dealer at the time the automobile was purchased and determined as a

fact that the buyer had been the victim of a fraud damaging him to the extent of $4083. Accordingly, the judge directed the entry of judgment in the Circuit Court for Allegany County in favor of Doolan and against Kowell Ford for $4083 plus costs.

While, broadly speaking, we agree with Judge Getty when he observed that "[c]redibility is established by a witness' behavior on the stand, motive, accuracy of memory, interest in the case, consistency, intelligence and other factors that establish the truth," we are unable to approve the principle, which he appears to have endorsed, that when a trial court, based solely on an improper reason, elects to believe a witness' testimony, a reviewing court is authorized under the clearly erroneous provisions of Rule 1386 to preempt the function of the trial court and make de novo its own findings of fact. Before factual substitutions can be made by the reviewing court under Rule 1386 the record must disclose that even though, technically, a factual issue was generated in a nonjury case requiring a decision by the trial court, the evidence is so clearly weighted against that court's resolution of the conflict that there exists no rational basis to support the trial court's conclusion. *Ryan v. Thurston, supra,* 276 Md. at 392, 347 A. 2d at 835-36.

In this case, as can be quickly observed from the summary of the testimony we have already made, there is solid evidence which tends to support the disputed factual allegations of each party. Thus, under these circumstances, our rules of procedure, and particularly here Rule 1386, place the responsibility for resolving such a conflict with the trial court, a tribunal which is in a position vastly superior to that of an appellate court to perform this very important task. This holding does not deprive a litigant of a remedy when a trial court's factual determination, despite substantial evidence on each side, is arbitrarily made because the record demonstrates it was based solely on an impermissible ground. In such an event, normally the remedy to be provided by the reviewing court is not to de novo resolve the evidentiary

conflict but to reverse the judgment and award a new trial. Alternatively, in a proper case, the court may, rather than entering a final order affirming, reversing, or modifying the judgment from which the appeal was taken, utilize Rule 1370 to remand the case for such further proceedings as that rule provides.

It follows from what we have said that the judgment of the Circuit Court for Allegany County must be reversed. Since, however, the District Court judge indicated that he relied solely on two factors which alone form a rather tenuous basis upon which to rest the factual determinations he made, we conclude "that the purposes of justice will be advanced by permitting further proceedings in the cause" and consequently our remand to the Circuit Court for Allegany County will instruct that court to utilize Rule 1370 b and, instead of affirming, reversing, or modifying the judgment from which the appeal was taken, to, in turn, remand the case to the District Court for a new trial.

> *Judgment of the Circuit Court for Allegany County reversed and case remanded to that court with instruction that it, pursuant to Maryland Rule 1370, remand the case to the District Court of Maryland for a new trial.*
> *Costs in this Court as well as the costs in both the Circuit Court for Allegany County and the District Court to abide the final determination of this litigation.*