505 A.2d 113

**A.H. ROHRBAUGH**

v.

**ESTATE OF Charlotte A. STERN.**

**No. 28, Sept. Term, 1985.**

Court of Appeals of Maryland.

Feb. 28, 1986.

Robert A. Rohrbaugh, Rockville, for appellant.

Stuart R. Cohen (Charles H. Dorsey, Ilene J. Jacobs and Marcia Conrad, Legal Aid Bureau, Inc., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

MURPHY, Chief Judge.

Maryland Code (1981 Repl.Vol.), § 8–203(f)(4) of the Real Property Article, provides that "[i]f the landlord, without a reasonable basis, fails to return any part of the security deposit, plus accrued interest, within 45 days after the termination of the tenancy, the tenant has an action of up to threefold of the withheld amount, plus reasonable attorney's fees."[1]  We granted certiorari to resolve an ambiguity in this statutory provision:  whether the amount subject to treble damages is the entire amount withheld by the landlord or only the amount withheld without a reasonable basis.

I.

From July 1981 until her death in May 1983, Charlotte Stern resided in an apartment she rented from A.H. Rohr-

---

1. Unless otherwise indicated, all statutory provisions cited in this opinion are within the Real Property Article.

baugh. The lease required a security deposit of $675, and this sum was duly paid by Stern. Shortly after Stern's death, Rohrbaugh inspected the apartment accompanied by Linda Greenberg, Stern's daughter and the personal representative of Stern's estate. By letter dated June 3, 1983, Rohrbaugh notified Greenberg that he intended to withhold the entire security deposit to cover alleged damage to the apartment, unpaid rent, and certain other costs.

On December 16, 1983, Greenberg, as the personal representative of Stern's estate, sued Rohrbaugh in the District Court of Maryland in Anne Arundel County, seeking return of the security deposit plus punitive damages as provided by § 8–203(f)(4). On January 22, 1984, Rohrbaugh counterclaimed for damages in excess of the security deposit. The District Court concluded that Rohrbaugh was entitled to withhold only $587.50 of the security deposit, and that the balance of the security deposit had been withheld without a reasonable basis. The court then applied the treble damages provision of § 8–203(f)(4) and entered a judgment in favor of the estate in the amount of $2,097.50 plus costs, calculated as follows: threefold the entire amount withheld by Rohrbaugh ($675 × 3 = $2,025), plus reasonable attorney's fees ($660), less the amount properly withheld by Rohrbaugh ($587.50). Judgment was also entered in favor of Stern's estate on the counterclaim.

From the judgment of the District Court, Rohrbaugh filed a timely appeal on the record to the Circuit Court for Anne Arundel County. The circuit court reduced the amount of attorney's fees awarded from $660 to $500, the amount requested in the complaint, and increased the amount Rohrbaugh was held entitled to retain from $587.50 to $607.50, the difference being attributable to a mathematical error by the District Court. The circuit court then affirmed the District Court's judgment as modified.[2] We

---

2. In upholding the trial court's interpretation of § 8–203(f)(4), the circuit court stated that it

granted Rohrbaugh's petition for certiorari, which seeks review of the validity of the lower court's interpretation of § 8–203(f)(4).

## II.

That the statute contains an ambiguity is, we think, manifest. The words "the withheld amount," in the context of § 8–203(f)(4), literally may be read as referring to either the entire amount withheld or the amount withheld without

"could not reverse the District Court based upon a fair reading of the statute. A Circuit Court can only reverse a lower court if the decision was clearly erroneous. *Ryan v. Thurston,* 276 Md. 390 [, 347 A.2d 834] (1975). A court could read the statute and interpret it as [did the District Court]. Therefore, this Court believes that the District Court was not clearly erroneous in trebling the security deposit and then deducting for damages caused to the premises."
The scope of review of an appeal from a judgment of the District Court is set forth in Maryland Rule 1386:
"In the appeals to be decided on the record of the lower court, the appellate court will review the case upon both the law and the evidence, but the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses."
In *Ryan,* the case relied upon by the circuit court, we held that Rule 1386 requires that *factual* determinations of the District Court be upheld on appeal unless found to be clearly erroneous. 276 Md. 390, 347 A.2d 834 *passim; see also Loch Hill Constr. Co. v. Fricke,* 284 Md. 708, 717, 399 A.2d 883 (1979); *Kowell Ford, Inc. v. Doolan,* 283 Md. 579, 584, 391 A.2d 840 (1978).
We also held in *Ryan,* however, that "the scope of review of an appeal taken on the record from the District Court is the same as that applicable under Rules 886 and 1086, and that the cases applying these rules are controlling authority governing the interpretation of the scope of appellate review under Rule 1386." 276 Md. at 392, 347 A.2d 834. In light of our cases applying Rule 886, the "clearly erroneous" standard does not apply to *legal* determinations of the District Court. The lower court's interpretations of law enjoy no presumption of correctness on review: the appellate court must apply the law as it understands it to be. *See, e.g., Elza v. Elza,* 300 Md. 51, 55–60, 475 A.2d 1180 (1984); *Davis v. Davis,* 280 Md. 119, 124–131, 372 A.2d 231, *cert. denied,* 434 U.S. 939, 98 S.Ct. 430, 54 L.Ed.2d 299 (1977); *SICA v. Retail Credit Co.,* 245 Md. 606, 611–621, 227 A.2d 33 (1967); *Cassell v. Pfaifer,* 243 Md. 447, 453–458, 221 A.2d 668 (1966). The circuit court thus erred in upholding the District Court's interpretation of § 8–203(f)(4) on the basis that the interpretation was not clearly erroneous.

a reasonable basis. The estate argues that because the word "withheld" is not modified by the adjacent adverb "wrongfully," it can only mean the entire amount withheld. We disagree. Earlier in the same sentence, the phrase "without a reasonable basis" is used to specify the manner in which a landlord must withhold the security deposit to trigger the penalty provisions of this section. The term "the withheld amount" in the treble damages clause may be understood to refer back to the amount mentioned earlier in the sentence, that is, the amount withheld without a reasonable basis.

Several commentators have ascribed the latter interpretation to § 8–203(f)(4), suggesting that the statute's language will at least bear this meaning. In a law review article authored while he was Reporter for the Maryland Governor's Commission on Landlord-Tenant Law Revision, the committee that drafted § 8–203(f)(4), Professor Steven Davison stated that "[t]he Maryland statute authorizes punitive damages up to threefold the amount withheld 'without reasonable basis' after 45 days from termination of the lease, plus reasonable attorney's fees." (Emphasis deleted.) Davison, *The Uniform Residential Landlord and Tenant Act and Its Potential Effects Upon Maryland Landlord-Tenant Law*, 5 U.Balt.L.Rev. 247, 269 (1976). The statute is similarly interpreted in a widely used treatise on Maryland landlord-tenant law: "Should the landlord withhold all or part of the security deposit wrongfully, § 8–203(f)(4) provides for a penalty of up to three times that portion of the security deposit wrongfully withheld." D. Bregman & G. Everngam, *Maryland Landlord-Tenant Law, Practice and Procedure* 51 (1983).

■ The ambiguity was introduced into this statutory provision during its recodification as part of the new Real Property Article in 1974. Before 1974, the provision was

codified in Maryland Code (1957, 1973 Repl.Vol.), Art. 21, § 8–213(f)(iv), as follows:

"If the landlord shall, without a reasonable basis, fail to return all or any part of the security deposit, plus accrued interest, within 45 days after the termination of the tenancy, the tenant has an action of up to *threefold of the amount so withheld,* plus reasonable attorney's fees." (Emphasis added.)

We think the word "so," as used in the italicized portion of this section, was intended by the legislature to mean "in the manner indicated in a preceding phrase." *See Webster's Third New International Dictionary* 2159–60 (unabridged, 1971). The punitive damages available under this section, therefore, were to be based not upon the entire amount withheld, but only upon the amount withheld in the manner indicated in a preceding phrase. The only preceding phrase in this section that specifies a manner of withholding is "without a reasonable basis." Thus, prior to its recodification in 1974, this statutory provision provided unambiguously for punitive damages of up to threefold the amount withheld without a reasonable basis.

As we reiterated earlier this Term,

" '[r]ecodification of statutes is presumed to be for the purpose of clarity rather than change of meaning. Thus, even a change in the phraseology of a statute by a codification will not ordinarily modify the law unless the change is so material that the intention of the General Assembly to modify the law appears unmistakably from the language of the Code.' "

*Consumer Protection v. Consumer Pub.,* 304 Md. 731, 768, 501 A.2d 48 (1985) (quoting *In re Special Investigation No. 236,* 295 Md. 573, 576–77, 458 A.2d 75 (1983)). *See also Duffy v. Conaway,* 295 Md. 242, 257–58, 455 A.2d 955 (1983); *Office & Prof. Employees Int'l v. MTA,* 295 Md. 88, 100, 453 A.2d 1191 (1982); *Hoffman v. Key Fed.Sav. & Loan,* 286 Md. 28, 43, 416 A.2d 1265 (1979); *Bureau of*

*Mines v. George's Creek,* 272 Md. 143, 155, 321 A.2d 748 (1974).

In the case now before us, this presumption is reinforced by the revisor's note to § 8–203, which indicates that the change in the italicized statutory language quoted above, to read "threefold of the withheld amount," was intended to be stylistic only. The revisor's note follows § 8–203 in the 1974 volume of the session laws, and accompanied the legislation during its enactment by the General Assembly. *See* chapter 12 of the Acts of 1974. Thus, although not part of the law or the enactment itself, *see* § 5 of chapter 12, the revisor's note is a useful guide to the legislative purpose underlying this change in statutory language. *See Ex Parte Collett,* 337 U.S. 55, 68–71, 69 S.Ct. 944, 951–52, 93 L.Ed. 1207 (1949); *Office & Prof. Employees, supra,* 295 Md. at 100–01, 453 A.2d 1191; *Briggs v. State,* 289 Md. 23, 30–31, 421 A.2d 1369 (1980); *Bureau of Mines, supra,* 272 Md. at 155, 321 A.2d 748; 2A N. Singer, *Sutherland on Statutes and Statutory Construction* § 47.14 (rev. 4th ed. 1984). We conclude, therefore, that the ambiguous language in § 8–203(f)(4) must be accorded the meaning of its pre-1974 precursor: the punitive damages recoverable under this section may not exceed threefold the amount of the security deposit withheld without a reasonable basis by the landlord, plus reasonable attorney's fees.[3]

---

**3.** Both parties cite numerous cases from other states in which statutes somewhat analogous to § 8–203(f)(4) have been interpreted as prescribing various formulae for imposing punitive damages for a landlord's improper withholding of a tenant's security deposit. *See Guzman v. McDonald,* 194 Colo. 160, 570 P.2d 532 (1977); *Turner v. Lyon,* 189 Colo. 234, 539 P.2d 1241 (1975); *Cohen v. Meola,* 37 Conn.Supp. 27, 429 A.2d 152 (Conn.Super.Ct.1980), *aff'd per curiam,* 184 Conn. 218, 439 A.2d 966 (1981); *Roeder v. Nolan,* 321 N.W.2d 1 (Iowa 1982); *Robbins v. Foley,* 469 A.2d 840 (Maine 1983); *Jaremback v. Butler Ridge Apartments,* 166 N.J.Super. 84, 398 A.2d 1339 (N.J.Super.Ct.App. Div.1979); *Alston v. Thomas,* 161 N.J.Super. 403, 391 A.2d 978 (Essex County Ct.1978); *Dwork v. Offenberg,* 66 Ohio App.2d 14 (1979); *Konig v. Bella Dora Management, Inc.,* 9 Ohio Misc.2d 7, 458 N.E.2d 477 (Akron Mun.Ct.1983). The holdings of these cases necessarily reflect the particular language of the statutes involved, however, and are therefore of little guidance in interpreting § 8–203(f)(4).

■ In light of this interpretation, a trier of fact in an action under § 8–203(f)(4) must make two distinct determinations: whether the landlord withheld more of the security deposit than that to which he was entitled; and, if so, whether any part of this excess was withheld without a reasonable basis. Although the tenant, of course, may recover any part of the security deposit incorrectly withheld by the landlord, the treble damages available under § 8–203(f)(4) may be based only on the amount withheld without a reasonable basis. Subject to this constraint, the amount of punitive damages actually awarded lies primarily within the trial court's sound discretion, and will depend on the egregiousness of the landlord's conduct in withholding the excessive amount.

The trial judge in this case found from the evidence that $67.50 of the $675 security deposit was incorrectly withheld, and, furthermore, that the entire $67.50 was withheld without a reasonable basis. Accordingly, the amount of the judgment could not have been greater than $702.50 plus costs, calculated as follows: threefold the amount withheld without a reasonable basis ($67.50 × 3 = $202.50), plus reasonable attorney's fees ($500).

JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REMAND THE CASE TO THE DISTRICT COURT FOR ENTRY OF JUDGMENT NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE EQUALLY DIVIDED BETWEEN THE PARTIES.