585 A.2d 219

**HOUSING OPPORTUNITIES COMMISSION OF
MONTGOMERY COUNTY**

v.

**Kathleen LACEY.**

**No. 50, Sept. Term, 1990.**

Court of Appeals of Maryland.

Feb. 7, 1991.

Debra Aronson, Chevy Chase, and Kenneth B. Tecler, Rockville, for petitioner.

Sally B. Gold, Hylton & Gonzales, Baltimore, amicus curiae, for Housing Authority of Baltimore City.

Daniel J. Popeo, Richard A. Samp, Washington, D.C., Steven A. Loewy, Ober, Kaler, Grimes & Shriver, Baltimore, amicus curiae, for The Washington Legal Foundation and Karen Stewart.

Marla J. Hollandsworth (University of Baltimore Housing Law Clinic, Baltimore), both on brief, for respondent.

Judith D. Heimlich, Ira J. Rheingold, Legal Aid Bureau, Inc., Silver Spring, amicus curiae, for Great Hope Homes Tenants Ass'n and the Resident Advisory Bd. of the Housing Authority of Baltimore City.

Richard C. Boldt, Baltimore, Helen Hershkoff, John A. Powell, New York City, Susan Goering, Baltimore, Arthur B. Spitzer, Elizabeth Symonds, Washington D.C., amicus curiae, for American Civ. Liberties Union.

Argued Before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

KARWACKI, Judge.

Since February 15, 1980, Kathleen Lacey has leased a two bedroom apartment at Magruder's Discovery in Bethesda. That facility is an apartment complex, affording federally subsidized housing for its residents. The Housing Opportunities Commission of Montgomery County (HOC) is the public housing authority which manages that apartment complex pursuant to Maryland Code (1957, 1986 Repl.Vol., 1990 Cum.Supp.) Art. 44A, §§ 2–101 *et seq.*

In the written lease between Ms. Lacey and HOC, Lacey agreed *inter alia:*

> Not to use or allow said premises or any part thereof to be used for any disorderly or unlawful purpose, nor will he do anything on or about the premises or apartment building or grounds that works or causes injury, damage, hurt, inconvenience, annoyance or discomfort to any other occupant of the building or employee of the Commission.

On July 19, 1989, HOC filed a complaint in the District Court of Maryland, sitting in Montgomery County, alleging that Lacey had substantially breached the above quoted provision. HOC sought repossession of the premises pursuant to Md.Code (1974, 1988 Repl.Vol.), § 8–402.1 [1] of the Real Property Article. At trial, Judge Stanley Klavan found in favor of Lacey. He was not persuaded that Lacey

---

1. Section 8–402.1 provides in pertinent part:

    (a) *Complaint to District Court; summons to appear; continuance.* —When a lease provides that the landlord may repossess the premises if the tenant breaches the lease, and the landlord has given the tenant 1 month's written notice that the tenant is in violation of the lease and the landlord desires to repossess the premises, and if the tenant or person in actual possession refuses to comply, the landlord may make complaint in writing to the District Court of the county where the premises is located....

    (b) *Judgment of District Court; appeal.*—If the court determines that the tenant breached the terms of the lease and that the breach was substantial and warrants an eviction, the court shall give judgment for the restitution of the possession of the premises and issue its warrant to the sheriff or a constable commanding him to deliver possession to the landlord in as full and ample manner as the landlord was possessed of the same at the time when the lease was entered into....

had committed a substantial breach of the lease warranting eviction and, alternatively, ruled that HOC had not complied with the grievance procedures which it had adopted for the benefit of its tenants prior to instituting suit for repossession of the premises. That decision was affirmed on HOC's appeal on the record to the Circuit Court for Montgomery County. We granted HOC's petition for writ of certiorari and now affirm the judgment of the circuit court.

Maryland Rule 1386, which governs those appeals from the District Court to a circuit court which are to be decided on the record, directs that the circuit court

> will review the case upon both the law and the evidence, but the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses.

In *Ryan v. Thurston*, 276 Md. 390, 391–92, 347 A.2d 834, 835–36 (1975), Chief Judge Murphy analogized the scope of review of a circuit court under Md. Rule 1386 to that possessed by this Court and the Court of Special Appeals under former Md. Rules 886 and 1086 (the provisions of both now being contained in Md. Rule 8–131(c)):

> These rules have been consistently interpreted to require that appellate courts accept and be bound by findings of fact of the lower court unless they are clearly erroneous. *Harford Sod Co. v. Randall Dev. Corp.*, 264 Md. 214, 285 A.2d 656 (1972); *Baldi Constr. Eng'r, Inc. v. Wheel Awhile, Inc.*, 263 Md. 670, 284 A.2d 248 (1971); *Gosman v. Gosman*, 19 Md.App. 66, 309 A.2d 34 (1973). The appellate court must consider evidence produced at the trial in a light most favorable to the prevailing party and if substantial evidence was presented to support the trial court's determination, it is not clearly erroneous and cannot be disturbed. *Delmarva Drill [Drilling] Co. v. Tuckahoe*, 268 Md. 417, 302 A.2d 37 (1973); *A.S. Abell Co. v. Skeen*, 265 Md. 53, 288 A.2d 596 (1972); *Jacober v. High Hill Realty, Inc.*, 22 Md.App. 115, 321 A.2d 838 (1974). The trial court is not only the judge of a witness'

credibility, but is also the judge of the weight to be attached to the evidence. *Knowles v. Binford,* 268 Md. 2, 298 A.2d 862 (1973); *Ritter v. Danbury,* 15 Md.App. 309, 290 A.2d 173 (1972). It is thus plain that the appellate court should not substitute its judgment for that of the trial court on its findings of fact but will only determine whether those findings are clearly erroneous in light of the total evidence. *Boettcher v. Van Lill,* 263 Md. 113, 282 A.2d 122 (1971); *Colburn v. Colburn,* 15 Md.App. 503, 292 A.2d 121 (1972).

*See also Loch Hill Constr. Co. v. Fricke,* 284 Md. 708, 719, 399 A.2d 883 (1979); *Kowell Ford, Inc. v. Doolan,* 283 Md. 579, 584, 391 A.2d 840 (1978).

HOC contends that the circuit court erred in applying its mandated scope of review to the evidence which was offered at the trial before Judge Klavan. That evidence revealed that on May 19, 1989, Officer Henry B. Graham III, and fellow members of the drug unit of the Montgomery County Police Department executed a search warrant issued for Ms. Lacey's apartment. In a drawer of a dresser located in Ms. Lacey's bedroom the officers found a facial tissue box containing a cigarette lighter, a corn cob pipe, and razor blades; in another dresser drawer in that room the officers discovered a wooden plate containing a razor blade and the residue of a white powder. Two water pipes for smoking were found in a clothes closet in that bedroom.

In the apartment's second bedroom, which was occupied by Douglas Lacey, Ms. Lacey's 20 year old son, the officers found a wooden platter containing 1.5 grams of what was later analyzed to be crack cocaine. This platter was found on top of a bookcase which was over six feet in height. Officer Graham, who was over six feet tall, testified that the platter containing cocaine in Ms. Lacey's son's room could not be seen when entering the room. Ms. Lacey is shorter than Officer Graham.

Ms. Lacey and her son were arrested and charged with (1) possession with intent to distribute cocaine, Md.Code (1957, 1987 Repl.Vol.), Art. 27, § 286(a)(1); (2) possession of drug

paraphernalia, Md.Code (1957, 1987 Repl.Vol.), Art. 27, § 287A; and (3) maintaining a common nuisance, Md.Code (1957, 1987 Repl.Vol.), Art. 27, § 286(a)(5).

The crack cocaine found in Douglas Lacey's bedroom was submitted to the Montgomery County Police Department crime laboratory for analysis. None of the material recovered from Ms. Lacey's bedroom, however, was analyzed for the presence of any residue of any controlled dangerous substance.

The trial court was not persuaded that the evidence established that Ms. Lacey was in constructive possession of the cocaine found in her son's bedroom or that she had any knowledge of that drug's presence within the apartment. The trial court also was not convinced that pipes and razor blades found in Ms. Lacey's bedroom were paraphernalia intended to be used by her in connection with the processing or ingestion of the cocaine found in her son's bedroom. These factual findings of the trial court resulted from its rejection of permissible inferences which might have been drawn from the evidence by another trier of the facts. *Livingston v. State*, 317 Md. 408, 414–15, 564 A.2d 414, 418 (1989); *State v. Leach*, 296 Md. 591, 595–96, 463 A.2d 872, 874 (1983); *Bingman v. State*, 285 Md. 59, 61, 400 A.2d 765, 766 (1979); *Garrison v. State*, 272 Md. 123, 128, 321 A.2d 767, 770 (1974); *see* 5 L. McLain, *Maryland Evidence*, § 301.4 (1987). Nevertheless, the circuit court in reviewing that determination by the District Court in the instant case properly deferred to that decision by the trier of fact in exercising its scope of review under Md. Rule 1386.[2] Accordingly, the circuit court did not err in its conclusion that the decision of the District Court was not clearly erroneous.

JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED, WITH COSTS.

---

**2.** Because of this holding, it will not be necessary for us to consider whether HOC had complied with its duly adopted grievance procedures prior to instituting suit for repossession of the premises.