764 A.2d 838

**GENERAL MOTORS CORPORATION, et al.**

v.

**Joseph SCHMITZ, Jr.**

**No. 38, Sept. Term. 2000.**

Court of Appeals of Maryland

Jan. 4, 2001.

facing us here, the evidence showed some actual exempt use of the open or wooded areas.

230

Alan B. Robinson (Jordan, Keys & Jessamy, LLP, Green-belt; Karen Miller of Jordan, Keys & Jessamy, LLP, Washington, DC, all on brief), for petitioners.

Michael P. Tanczyn, Towson, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY*, RAKER, WILNER, CATHELL and HARRELL, JJ.

* Rodowsky, J., now retired, participated in the hearing and conference of this case while an active member of this court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

RAKER, Judge.

Respondent, Joseph Schmitz, Jr., filed suit in the District Court of Maryland, sitting in Carroll County, against Petitioners, JBA Chevrolet (hereinafter JBA) and General Motors Corporation (hereinafter GM), pursuant to Maryland's Automobile Warranty Enforcement Act, Maryland Code (1984, 2000 Repl.Vol., 2000 Supp.) §§ 14–1501—14–1504 of the Commercial Law Article (commonly known as the "lemon law")[1] and for breach of implied warranty under the Maryland Uniform Commercial Code, Maryland Code (1957, 1997 Repl. Vol., 2000 Supp.) § 2–314 of the Commercial Law Article. The District Court denied Respondent's claim for breach of warranty, but found for Respondent on his lemon law claim and entered judgment against Petitioners in the amount of $20,000.00, ordered Petitioners to accept return of Respondent's vehicle, and awarded attorney's fees and court costs to Respondent. Petitioner appealed to the Circuit Court for Carroll County, and that court affirmed.

We granted GM's and JBA's Petition for Writ of Certiorari to consider whether the District Court of Maryland has jurisdiction over lemon law actions and whether Respondent provided sufficient notice of his vehicle's defects to GM in order to bring suit under the lemon law. We shall hold that, pursuant to Maryland Code (1957, 1998 Repl.Vol., 2000 Supp.) § 4–401(1) of the Courts and Judicial Proceedings Article, the District Court had jurisdiction in this action. We shall also hold that the statutory requirement that the consumer provide written notice to the manufacturer of a vehicle's defects by certified mail pursuant to § 14–1502(b)(1) as a condition precedent to bringing suit is dependent upon the manufacturer's conformity with the conspicuous disclosure requirements of the same section. Accordingly, we shall affirm the judgment of the circuit court.

1. Unless otherwise indicated, all statutory references are to Maryland Code (1984, 2000 Repl.Vol., 2000 Supp.), Commercial Law Article.

On September 21, 1996, Respondent purchased a 1997 Chevrolet Astro van from JBA. Upon delivery of the van, Respondent noticed that it would pull to the right upon braking. In an attempt to repair the problem, Respondent brought the van back to JBA on October 11, 1996, December 19, 1996, January 30, 1997, May 16, 1997, July 1, 1997, and July 2, 1997.

After the sixth unsuccessful repair attempt, Respondent demanded a replacement vehicle from JBA. In response to his demand, JBA referred him to a GM Zone representative. The GM Zone representative referred him to another GM dealership, Westminster Motors (hereinafter Westminster) in Westminster, Maryland, where Respondent took the Astro van on July 29, 1997. After attempting to service the vehicle for two weeks, Westminster contacted Respondent and advised him that they were unable to correct the problem, despite having done everything that GM technicians and engineers had recommended.

Respondent then filed a complaint with the Better Business Bureau. The following day, Respondent received a telephone call from a GM representative. She advised Respondent that GM engineers had determined that there was nothing wrong with the van and that the problem that he had identified was an "operational characteristic" of the vehicle.

Respondent initiated the instant lemon law complaint in the District Court. As previously indicated, the court found in favor of Respondent. GM appealed to the Circuit Court for Carroll County. After hearing oral argument, that court affirmed.

■ When an action has been tried without a jury, an appellate court reviews the case on both the law and the evidence, and it will not set aside the judgment of the trial court unless it is clearly erroneous. *See* Maryland Rule 8–131(c); *Spector v. State,* 289 Md. 407, 433, 425 A.2d 197, 209–10 (1981); *Kowell Ford, Inc. v. Doolan,* 283 Md. 579, 581, 391 A.2d 840, 841 (1978). "The appellate court must consider evidence produced at the trial in a light most favorable to the

prevailing party and if substantial evidence was presented to support the trial court's determination, it is not clearly erroneous and cannot be disturbed." *Ryan v. Thurston,* 276 Md. 390, 392, 347 A.2d 834, 835–36 (1975). *See Murphy v. 24th St. Cadillac,* 353 Md. 480, 497, 727 A.2d 915, 923 (1999).

■ Petitioners contend that the District Court lacks general equity jurisdiction, that the remedies available under § 14–1502 are purely equitable in nature, and that, therefore, the District Court lacks the jurisdiction to hear lemon law cases. Respondent argues that the District Court has concurrent jurisdiction with the circuit courts to entertain lemon law actions, subject to the jurisdictional limits on monetary damages set forth by statute.

■ Petitioners are correct that the District Court does not have general equitable jurisdiction. *See Creamer v. Helferstay,* 294 Md. 107, 448 A.2d 332 (1982). The jurisdiction of the District Court is entirely statutory. The civil jurisdiction of the District Court is established by Maryland Code (1957, 1998 Repl.Vol., 2000 Supp.) §§ 4 401—4–405 of the Courts and Judicial Proceedings Article. The District Court has concurrent jurisdiction with trial courts of general jurisdiction, at the election of the plaintiff, over civil actions in contract and tort if the amount in controversy is between $2500.00 and $25,000.00, exclusive of interest, costs, and recoverable attorney's fees. *See* Maryland Code (1957, 1998 Repl.Vol., 2000 Supp.) § 4–401(1) of the Courts and Judicial Proceedings Article; Maryland Code (1957, 1998 Repl.Vol., 2000 Supp.) § 4–402(d)(1)(i) of the Courts and Judicial Proceedings Article.

■ Before the circuit court, GM argued that the remedies of rescission and specific performance under the lemon law are equitable remedies, thus divesting the District Court of jurisdiction because the District Court does not have general equitable powers. The circuit court rejected GM's argument, ruling that

[t]he instant case contains neither an affirmative order of recission [sic] nor was it brought as an action in equity. Indeed, the Plaintiff's complaint arises from a *statutory*

authority that seeks *damages*. One needs look no further than the Plaintiff's complaint to see that the Plaintiff filed suit seeking $20,000.00 as *damages*.

The court concluded that, inasmuch as the plaintiff's damages were in excess of $2500 and less than $25,000, the District Court and circuit court had concurrent jurisdiction. Accordingly, it held that the District Court had jurisdiction over this action. We agree. A plain reading of Petitioner's complaint in the District Court clearly demonstrates that he sought only monetary damages as a remedy, not the equitable remedy of specific performance.[2]

2. The lemon law allows a consumer to elect one of two potential remedies for uncorrectable defects: a replacement vehicle or a refund of the purchase price (less a reasonable allowance for the consumer's use of the vehicle and for damage unrelated to the defect). *See* § 14–1502(c). It is possible that the General Assembly may have left a gap in the enforcement mechanisms of the statute with respect to consumers that elect to seek replacement of their motor vehicles, rather than refunds, since this remedy might be considered equitable in nature and arguably might be beyond the authority of the District Court. *See, e.g., Motor Vehicle Mfrs. Ass'n v. O'Neill*, 212 Conn. 83, 561 A.2d 917, 920 (1989) (explaining that the Connecticut lemon law was enacted in order to provide consumers of new motor vehicles additional equitable remedies for the enforcement of express warranties made by vehicle manufacturers); *Motor Vehicle Mfrs. Ass'n v. State*, 75 N.Y.2d 175, 551 N.Y.S.2d 470, 473, 550 N.E.2d 919 (1990) (holding that New York's lemon law is a breach of contract action, where the replacement remedy is analogous to the equitable remedy of specific performance and the refund remedy is the equivalent of an action for rescission, in the context of whether or not a lemon law action invokes the right to trial by jury). Given that the purpose of the lemon law was to establish rights for consumers and to ensure enforcement of manufacturers' warranties on motor vehicles, *see* Senate Constitutional and Public Law Committee, Bill Analysis, Senate Bill No. 767 (1984), we have some doubt that the General Assembly would have intended such a result.

In any event, such a potential gap could easily be remedied by statute. *See, e.g.,* 1988 Maryland Laws ch. 488, at 3363–65 (codified as amended at Maryland Code (1957, 1998 Repl.Vol., 2000 Supp.) § 4–401(7) of the Courts and Judicial Proceedings Article) (granting the District Court exclusive original civil jurisdiction over petitions of injunction filed by tenants requesting that the court order the landlord to repair serious and dangerous defects if the landlord has not repaired the defects within a certain period of time). Nonetheless, since Petitioner in this case sought only monetary refund damages for his vehicle, we do not reach the question of whether the District Court would have had jurisdiction over an action seeking a replacement vehicle.

Petitioners argue that Respondent failed to comply with the notice requirement contained in § 14–1502(b)(1) and that such notice is a condition precedent to bringing suit, which precludes his right to recover under the statute. Respondent argues that, because he gave actual notice to Petitioners of his vehicle's defect, given Petitioners' active participation in the unsuccessful attempts to repair the vehicle, such notice is sufficient to comply with the statutory notice requirement of § 14–1502.

■ Section 14–1502(b) provides, in relevant part:

*Correction of defects.*—(1) If a new motor vehicle does not conform to all applicable warranties during the warranty period, the consumer shall, during such period, report the nonconformity, defect, or condition by giving written notice to the manufacturer or factory branch by certified mail, return receipt requested. Notice of this procedure shall be conspicuously disclosed to the consumer in writing at the time of sale or delivery of the motor vehicle.

(2) The consumer shall provide an opportunity for the manufacturer or factory branch, or its agent to cure the nonconformity, defect, or condition.

On its face, the statute provides no indication of the consequences of a consumer's failure to comply with the notice requirement. It also does not indicate whether actual notice can be sufficient in lieu of notification by certified mail, a question that this Court declined to decide in *Murphy. See Murphy,* 353 Md. at 505 n. 6, 727 A.2d at 927 n. 6. Because we hold, *infra,* that Petitioners are not entitled to rely on the written notice requirement of § 14–1502(b)(1) as a condition precedent to bringing suit since they failed to disclose the notice requirement conspicuously to Respondent at the time of the vehicle's sale, we do not reach the question of whether actual notice would suffice under the statute.

■ In construing a statute, a court's paramount objective is to ascertain and give effect to the intent of the legislature. *See Lewis v. State,* 348 Md. 648, 653, 705 A.2d 1128, 1130–31 (1998); *Molesworth v. Brandon,* 341 Md. 621,

630, 672 A.2d 608, 613 (1996). In order to discern the intent of the legislature, we look first to the plain language of the statute. *See Lewis,* 348 Md. at 653, 705 A.2d at 1131. If the statute is ambiguous or unclear, courts look to the legislative history and the purpose of the enacted provision and statutory framework. *See id.* at 653, 705 A.2d at 1131; *Kaczorowski v. Mayor and City Council of Baltimore,* 309 Md. 505, 513–16, 525 A.2d 628, 632–33 (1987).

Based upon a plain reading of the statute, it does not necessarily follow that Respondent's failure to give written notice in this case is fatal. The legislative history of § 14–1502 of the lemon law indicates that the General Assembly specifically contemplated and adopted an amendment proposed by Delegate William McCaffrey in the Economic Matters Committee to add the requirement that "notice of the requirements of this paragraph shall be conspicuously disclosed in writing to the consumer at the time of sale or delivery of the motor vehicle" after the clause requiring notice by certified mail. *See* Automotive Warranty Enforcement Act, 1984 Maryland Laws ch. 750, § 1(B)(1), at 3505 (S.B.767); 1984 Maryland Laws ch. 786, § 1(B)(1), at 3707 (H.B.1256) (codified as amended at Maryland Code (1984, 2000 Repl.Vol., 2000 Supp.) § 14–1502 of the Commercial Law Article).

Based upon this legislative history of § 14–1502(b)(1), it seems clear that the legislature intended that the consumer's obligation to provide written notice of the defect to the manufacturer be dependent upon the manufacturer's obligation to disclose conspicuously the notice requirement to the consumer in writing at the time of the sale.

The District Court found that Petitioners had not complied with the provision in § 14–1502(b)(1) requiring that the procedure for giving notice of defects be conspicuously disclosed to the consumer in writing at the time of sale or delivery of the motor vehicle. The procedure was located on page twenty-seven of the thirty page warranty booklet, and there was no evidence that Respondent had ever been otherwise notified of the procedure.

The "Customer Satisfaction Procedure" section on page twenty-six of the GM Warranty and Owner's Assistance manual instructs a dissatisfied owner to follow two steps if his or her concerns are not resolved to satisfaction: step one, to discuss the concern with a member of dealer management; and step two, if still not satisfied, to contact the Chevrolet Customer Assistance Center at its toll-free number. This is precisely the procedure that Respondent followed in this case. On page twenty-seven of the manual, there is a single paragraph entitled "State Warranty Enforcement Laws," which reads:

> Laws in many states permit owners to obtain a replacement vehicle or a refund of the purchase price under certain circumstances.... To the extent allowed by state law, General Motors requires that you first provide us with written notification of any service difficulty you have experienced so that we have an opportunity to make any needed repairs before you are eligible for the remedies provided by these laws.

This provision follows after the customer satisfaction procedure outlined on the prior page of the manual. It is in the same small print as the rest of the warranty booklet and is not made conspicuous in any way, such as with bold print, italics, or underlining. The customer satisfaction procedure on the previous page, by contrast, is set out within a box of solid dark lines and has bold print in several key places. Given the inconsistent instructions in the warranty booklet and the relative conspicuousness of the procedures that Respondent followed in this case, the trial court was correct in concluding that Petitioners did not conspicuously disclose the procedure for giving notice of defects under § 14–1502(b)(1). Since Petitioners failed to comply with § 14–1502 in disclosing to Respondent his obligation to follow the statute's notice procedures, Respondent's failure to do so will not now act as a bar to recovery under the lemon law.

We hold that the District Court of Maryland had jurisdiction in the instant action pursuant to Maryland Code (1957, 1998 Repl.Vol., 2000 Supp.) § 4–401(1) of the Courts and

Judicial Proceedings Article and that the manufacturer's right to written notice of a vehicle's defects by certified mail, as a condition precedent to bringing suit under § 14–1502(b)(1) of the lemon law, is contingent upon the manufacturer's compliance with the section's requirement of conspicuous disclosure of the notice procedure.[3]

*JUDGMENT OF THE CIRCUIT COURT FOR CARROLL COUNTY AFFIRMED. COSTS TO BE PAID BY PETITIONERS.*

---

**3.** Petitioners also advanced arguments in their brief regarding evidence of the automobile defect, the qualifications of Respondent's expert witness, and discovery sanctions against Petitioners; however, none of these arguments was raised in their Petition for Writ of Certiorari and Petitioners conceded during oral arguments that these issues had not been properly preserved for review by this Court.