299 So.2d 853 (1974)
Kathleen Dorie BRADWELL
v.
Charles R. CARTER.
No. 9795.
Court of Appeal of Louisiana, First Circuit.
April 22, 1974.
Rehearing Denied May 30, 1974.
Michael A. Patterson, Baton Rouge, for appellant.
William H. Cooper Jr., Baton Rouge, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
ELLIS, Judge:
Plaintiff Kathleen Dorie Bradwell leased an apartment from defendant Charles R. Carter for $100.00 per month. Defendant required a $50.00 deposit which plaintiff paid at occupancy.
Plaintiff deducted $15.00 from the rent for February, 1973, representing the cost of repairs, the responsibility for which was disputed. Defendant wrote plaintiff on February 23, 1973, demanding the full rent, and offering her the option of vacating the premises without complying with the notice provisions of the lease. Plaintiff thereupon moved out.
By certified letter, dated July 2, 1973, and received by defendant on July 6, plaintiff demanded the return of her deposit. Defendant did not respond, and this suit was filed on August 7, 1973, demanding the return of the deposit, together with damages and attorney's fees, under the provisions of R.S. 9:3251 et seq.
After trial on the merits, judgment was rendered in favor of plaintiff, ordering the return of the deposit and awarding $75.00 attorney's fees, but rejecting the prayer for damages. Plaintiff has appealed, urging that her claim for damages was improperly rejected.
R.S. 9:3251-9:3254 read as follows:
"3251. Any advance or deposit of money furnished by a tenant or lessee to a landlord or lessor to secure the performance of any part of a written or oral lease or rental agreement shall be returned to the tenant or lessee of dwelling premises within one month after the lease shall terminate, except that the landlord or lessor may retain all or any portion of the advance or deposit as is reasonably necessary to remedy a default of the tenant *854 or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a landlord or lessor, he shall forward to the tenant or lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds which are retained and giving the reasons therefor."
"3252. The willful failure to comply with R.S. 9:3251 shall give the tenant or lessee the right to recover actual damages or two hundred dollars, whichever is greater, from the landlord or lessor. Failure to remit within thirty days after written demand for a refund shall constitute willful failure."
"3253. In an action brought under R.S. 9:3252, the court may in its discretion award costs and attorney's fees to the prevailing party."
"3254. Any waiver of the right of a tenant under this part shall be null and void."
In denying damages, the trial court found that there was a bona fide dispute between the parties as to the February rent, and that plaintiff was fully aware of it. It was found that, under those circumstances, the failure to remit the deposit was not willful, and that defendant was not liable for damages.
In this court, plaintiff argues that failure to remit or respond within thirty days of demand constitutes willful failure under the statute, and that the court erred in applying other considerations in making that determination. We agree with this contention. We can see no reason why the statute should not be enforced according to its terms, which are clear and unambiguous.
We think that the Legislature intended by this statute to require landlords to remit or account for rental deposits as required by the act, or to suffer the penalties therein provided.
Defendant failed to return the deposit or to forward an itemized statement within one month after the lease was terminated. After written demand was made on him, he did not remit or furnish an itemized statement. Under the express terms of the statute, he willfully failed to comply therewith, and therefore subjected himself to the penalties provided in R.S. 9:3252.
The judgment appealed from is therefore amended so as to increase the award to plaintiff by the additional sum of $200.00 as damages, and, as amended, it is affirmed, at defendant's cost.
Amended and affirmed.
LANDRY, Judge (dissenting).
In holding lessor liable to lessee for penalties and attorney's fees pursuant to LSA-R.S. 9:3251-9:3252, inclusive, the majority have in effect held contrary to the general rule that statutes which are penal in nature are strictly construed against the party seeking to impose the penalty. In final analysis, the majority hold to be irrebuttable the presumption of willfulness resulting from the landlord's failure to remit within the thirty day period provided for in Section 9:3252.
It is well settled that irrebuttable presumptions rest upon grounds of expediency or policy so compelling in character as to override the universally recognized rule that questions of fact must be resolved according to proof. United States v. Provident Trust Company, 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793. I find no such basis for making the presumption of willfulness irrebuttable as regards a landlord's obligation to return his lessee's rental deposit.
I analogize subject statute with LSA-R.S. 23:631-23:632, which requires payment of an employee's wages due by his employer within 24 hours of termination or discharge from employment. Both statutes are penal in nature inasmuch as each provides for payment of penalties and attorney's fees in the event of noncompliance by the lessor in one instance and the employer in the other. LSA-R.S. 23:631-23:632 *855 has been repeatedly interpreted to allow an employer the right to assert an equitable consideration or justification as a bar or defense to an action for damages for failure to comply therewith. See Becker v. Choate d/b/a Choate Towing Service, La.App., 204 So.2d 680; Krison v. Texas Industries, Inc., La.App., 253 So.2d 614; Martin v. Burns, La.App., 267 So.2d 913.
I consider the following language found in Becker, above, to be particularly pertinent herein:
"While cases on this point generally state that R.S. 23:623 is subject to `equitable defenses', we are of the opinion that the word `defenses' does not mean a `defense' in the strict sense of the word. Rather, the tenor of these cases seems to indicate that the court will refuse to assess penalties and attorneys' fees where the facts of the particular case strongly indicate that greater justice will be attained by such refusal. These facts then become equitable considerations, or `defenses' in a loose sense of the word, which will move the court to deny the penalties."
The cited authorities establish the rule that, in determining whether penalties will be denied upon equitable considerations, the courts will consider the good faith of the employer, the presence of a legitimate reservation on the part of the employer regarding the amount of wages due, and the reasonableness of the employer's action in withholding wages after expiration of the statutory 24 hour period. I find no greater or more compelling need of a lessee for the prompt return of a rental deposit than that of an employee to the prompt payment of his wages. On the contrary, it appears to me that the need of an employee would be far more urgent than that of a lessee in the vast majority of cases. I find no justifiable ground for affording a lessee treatment preferential to that of an employee.
In this instance, a dispute exists between lessor and lessee as to the rent due for February, 1973. Unquestionably, both parties were aware of the dispute. Granted that lessor did not comply with the statute. Nevertheless, lessee was cognizant of the reasons the deposit was not returned. Despite knowledge of lessor's position, lessee waited five months to demand return of her deposit. Under the circumstances, I find equitable grounds for denying any and all penalties.
I respectfully dissent.