Carol A. KARANTZA

v.

Ralph SALAMONE.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1981.

Decided Oct. 23, 1981.

Jon Holder (orally), Portland, for plaintiff.

Ralph Salamone, pro se.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

In this appeal from a grant of summary judgment by the Superior Court (Cumberland County), plaintiff, a tenant of the defendant landlord, seeks reversal of that part of the order limiting her recovery to the unpaid balance of her security deposit and denying double recovery, costs and fees. We affirm in part and vacate in part the summary judgment and remand to the Superior Court for resolution of remaining issues of fact.

In March, 1980, plaintiff leased an apartment from defendant, posting a security deposit of $275.00. When the tenancy terminated on November of that year, $200.00 of the deposit was returned. Plaintiff claims that she received no explanation of the withholding of the remaining $75.00, even after her lawyer sent a letter to defendant threatening suit. A month after this letter was mailed, plaintiff filed suit in Superior Court seeking double restitution of the withheld $75.00, court costs and attorney's fees, pursuant to 14 M.R.S.A. § 6034 (1980). The justice below granted plaintiff's motion for summary judgment as to the $75.00, but denied further recovery on the grounds that the statutory predicate of willfulness had not been met.

In relevant part, Maine's statute on security deposits read as follows:

"2. ... A landlord shall return to a tenant the full security deposit deposited with the landlord by the tenant or, if there is actual cause for retaining the security deposit or any portion of it, the landlord shall provide the tenant with a written statement itemizing the reasons for the retention of the security deposit or any portion of it:

" ....

"B. In the case of a tenancy at will, within 21 days after the termination of the tenancy or the surrender and acceptance of the premises, whichever occurs later.

"The written statement itemizing the reasons for the retention of any portion of the security deposit shall be accompanied by a full payment of the difference between the security deposit and the amount retained.

"3. ... If a landlord fails to provide a written statement or to return the security deposit within the time specified in subsection 2, the landlord shall forfeit his right to withhold any portion of the security deposit." 14 M.R.S.A. § 6033 (1980).

"1. ... Should the landlord fail to return the security deposit and provide the itemized statement within the time periods in section 6033, the tenant shall give notice to the landlord of his intention to bring a legal action no less than 7 days prior to commencing the action. Should the landlord fail to return the entire security deposit within the 7-day period, it shall be presumed that the landlord is willfully and wrongly retaining the security deposit.

"2. ... The willful retention of a security deposit in violation of this chapter shall render a landlord liable for double the amount of that portion of the security deposit wrongfully withheld from the tenant, together with reasonable attorney's fees and court costs."

"3. ... In any court action brought by a tenant under this section, the landlord shall bear the burden of proving that his withholding of the security deposit, or any portion of it, was not wrongful." 14 M.R.S.A. § 6034.

These statutes make clear that defendant forfeited his right to retain the $75.00 by

failing to provide his former tenant with a written explanation of the withholding within twenty-one days after termination of the tenancy. It further appears that his failure to return the money within a week after receiving notice of suit gave rise to a presumption that the retention was "willful." A finding of willfulness would have subjected the defendant to liability for double restitution, costs and attorney's fees.

The court below was correct in granting summary judgment for plaintiff as to the portion of her security deposit that had been withheld. Since defendant had forfeited any claim to the money as a matter of law, no question of fact as to this amount remained. Summary judgment is appropriate where the pleadings and affidavits reveal no genuine issue of material fact. *See Lindsley v. Lindsley*, Me., 390 A.2d 512, 513 (1978); M.R.Civ.P. 56(c).

The Superior Court justice erred, however, in granting summary judgment for defendant on the issue of willfulness. Defendant's only attempt to rebut the statutory presumption was a cryptic affidavit suggesting that he retained the $75.00 because the tenant had shared her apartment with another in violation of her lease agreement. He also claimed that tenant had orally agreed to the withholding. These averments cannot, without more, overcome the presumption of willfulness. They suggest, however, that if given an opportunity for factual development, defendant might establish that he retained the $75.00 in a good faith belief of legal entitlement. Such a showing would not, of course, justify the retention,[1] but it could suffice to rebut the presumption and spare defendant the extraordinary liability ordained by statute for willful withholding.

We are aware that some courts, construing similar statutes, have defined "willful"

as "deliberate" or "intentional." *See, e. g., Turner v. Lyon*, 189 Colo. 234, 539 P.2d 1241 (1975); *Bradwell v. Carter*, 299 So.2d 853 (La.App. 1974).

Were we to adopt such a rule there would appear to be no issue of fact remaining and summary judgment would be entered against the defendant as to liability for double restitution, costs, and attorney's fees. We find unduly harsh a rule that would impose double damages and attorney's fees on a landlord who retains any portion of a security deposit in good faith, and perhaps with the tenant's consent, simply because he fails to explain the retention in writing and return the money within one week of notice of suit. A more reasonable construction, we think, would permit the landlord to seek to rebut the presumption of willfulness with objective evidence of good faith.

In this case, while the court erroneously applied the law in its summary finding that the retention was not willful, on remand the defendant should have the opportunity to prove the good faith suggested by his affidavit.

The entry must be:

That portion of the judgment finding in favor of the plaintiff in the sum of $75.00 is affirmed as a partial judgment, and the remainder of the judgment is vacated and remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

1. 14 M.R.S.A. § 6034 (1980) makes no provision for relieving the landlord of his duty to explain withholdings in writing when the tenant violates the lease agreement; it is, in fact, just such violations that the landlord must itemize in his written explanation. No attempted waiver by tenant could have been effective. 14 M.R.S.A § 6036 (1980).