**Gary ROBBINS and Charlene Robbins**[1]

v.

**Mark FOLEY.**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1983.

Decided Dec. 30, 1983.

---

1. We have deleted the names of a plaintiff and a defendant who were parties to the action in the court below, but not parties to this appeal.

Thomas H. Kelley (orally), Pine Tree Legal Assistance, Inc., Portland, for plaintiffs.

Defendant did not appear.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

In this appeal, plaintiffs, Gary and Charlene Robbins, seek reversal of part of a judgment of the Superior Court, Cumberland County, denying them reasonable attorney's fees after they successfully prosecuted a civil action against their former landlord for the willful and wrongful retention of their rental security deposit in violation of 14 M.R.S.A. § 6034 (1980). Because we find that the provisions of 14 M.R.S.A. § 6034(2) (1980) mandate an award of reasonable attorney's fees in this case, we vacate that part of the judgment denying reasonable attorney's fees and remand the

case to the Superior Court for determination of the amount of the fee award.

■ During parts of 1978 and 1979, plaintiffs were tenants in a building owned by defendant, Mark Foley, on Washington Avenue in Portland. In late 1979, plaintiffs moved from defendant's building and, on April 25, 1980, brought suit against defendant seeking monetary and declaratory relief on various claims arising out of their former tenancy. Primarily, plaintiffs sought damages for defendant's breach of the implied warranty and covenant of habitability in rental property guaranteed by 14 M.R.S.A. § 6021(2) (1980) and for defendant's willful and wrongful retention of plaintiffs' $160.00 security deposit in violation of 14 M.R.S.A. § 6034 (1980). Pertinent to the security deposit issue, plaintiffs sought damages equal to double the amount of their security deposit plus court costs and reasonable attorney's fees allowed under 14 M.R.S.A. § 6034(2) (1980).

Section 6034(2) provides:

*Double damages for willful retention.* The willful retention of a security deposit in violation of this chapter shall render a landlord liable for double the amount of that portion of the security deposit wrongfully withheld from the tenant, together with reasonable attorney's fees and court costs.

By statute, the landlord has the burden of proving that his withholding of the security deposit is not wrongful. 14 M.R.S.A. § 6034(3) (1980).[2] A landlord who retains a security deposit, therefore, can avoid liability for double damages, attorney's fees and court costs by showing at trial that he had a good faith reason for the retention. *Karantza v. Salamone,* 435 A.2d 1384, 1386 (Me. 1981).

Trial was had without a jury in Superior Court on all of plaintiff's claims on April 12, 1982. In a decision filed July 28, 1982, the presiding justice found, as to the security deposit issue, that defendant was not entitled to withhold plaintiffs' security deposit and that defendant failed to carry his burden that the retention of plaintiffs' security deposit was not willful. Accordingly, the justice entered a judgment for plaintiffs in the amount of $320.00, double the amount of the security deposit, plus costs. The justice did not rule on plaintiffs' claim for attorney's fees. In response to the court's decision, plaintiffs' counsel filed a motion to amend or alter judgment pursuant to M.R. Civ.P. 59(e) requesting, *inter alia,* that reasonable attorney's fees be awarded. Plaintiffs did not file any affidavit, nor did they request a hearing, on the amount of attorney's fees they sought to recover. The trial justice filed an amended judgment on February 28, 1983, denying, without giving reason, plaintiffs' request for fees.

■ The presiding justice's findings that defendant was not entitled to retain plaintiffs' security deposit and that defendant did not carry his burden of showing that his retention was not willful amount to a finding that defendant did not withhold the deposit in good faith under *Karantza.* Under 14 M.R.S.A. § 6034(2) (1980), this holding inescapably leads to the conclusion that plaintiffs are entitled to damages equal to two times the amount of their security deposit together with reasonable attorney's fees and court costs unless we read the word "shall" in section 6034(2) as a non-mandatory term. We realize that the word "shall" is not automatically accorded the status of a mandatory term. *Rogers v. Brown,* 135 Me. 117, 118, 190 A. 632, 633 (1937). In the present case however, we hold that the word "shall" in section 6034(2) must be interpreted to *require* the award of reasonable attorney's fees in cases where a landlord willfully and wrongfully withholds a rental security deposit.

■ The common sense rule in Maine states that when the language of a statute is clear and unambiguous, there is no need

---

**2.** Section 6034(3) provides:

*Burden of Proof.* In any court action brought by a tenant under this section, the landlord shall bear the burden of proving that his withholding of the security deposit, or any portion of it, was not wrongful.

to resort to the rules of statutory construction. *Franklin Property Trust v. Foresite, Inc.,* 438 A.2d 218, 222 (Me.1981); *Mundy v. Simmons,* 424 A.2d 135, 137 (Me.1980). The requirement that double damages together with reasonable attorney's fees and court costs be awarded to a plaintiff prosecuting a security deposit suit once the defendant/landlord has failed to carry his burden of showing that his retention was not wrongful, is clearly and unambiguously stated in section 6034(2). Accordingly, we vacate the amended judgment of the Superior Court filed February 28, 1983, insofar as it denies plaintiffs reasonable attorney's fees for prosecution of their security deposit claim. We remand the case to the justice of the Superior Court who presided at the trial of this case for a determination of a reasonable fee based on the evidence of record.[3] Because plaintiffs presented no evidence to the trial justice as to what they claimed as reasonable attorney's fees, and because they never sought severance of the issue of damages in the nature of reasonable attorney's fees, we limit their recovery of such fees to such amount as the trial justice can determine from the record now before him.

The entry is:

That part of the amended judgment denying reasonable attorney's fees, vacated.

The remainder of the amended judgment, affirmed.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** We have already noted that plaintiffs' lawsuit involved multiple claims arising out of their former tenancy. On remand, the justice should limit the attorney's fee award solely to legal services performed in pursuit of plaintiffs' security deposit claim in the Superior Court.