STATE OF MAINE

YORK, ss.

TENTH DISTRICT COURT
LOCATION: BIDDEFORD
DOCKET NO. CV-06-357

*GAB - YOP - 1/11/2002*

TRUNGANH NGUYEN,

Plaintiff

v.                                                    **ORDER**

MARLENE DiMARCO-HAMMOND
and WILLIAM S. HAMMOND,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

JAN 2 4 2008

This matter comes before the Court on Defendant William S. Hammond's Motion to Amend the Pleading pursuant to M.R. Civ. P. 15(a) and Defendant Marlene DiMarco-Hammond's Motion for Partial Summary Judgment pursuant to M.R. Civ. P. 56(c).

## BACKGROUND

The dispute in this case centers around a lease agreement for an apartment located in Old Orchard Beach, Maine (Apartment) entered into on or about April 10, 2005 (Lease) between Plaintiff Trunganh Nguyen (Landlord) and Defendants Marlene DiMarco-Hammond (Ms. DiMarco-Hammond) and William S. Hammond (Mr. Hammond) (collectively "Defendants").[1]   The monthly rent for the Apartment was

---

[1]     The Defendants are divorced and though both defendants signed the lease, Ms. DiMarco-Hammond was the only tenant in residence.

$1,000. The term of the lease was from April 15, 2005 through April 14, 2006. A security deposit was held by Landlord for the Apartment.[2]

Beginning in October 2005, Landlord asserts that Ms. DiMarco-Hammond went into arrears for her rent. On October 30, 2005 Landlord served Ms. DiMarco-Hammond with a Notice to Terminate Tenancy effective at midnight November 7, 2005. Ms. DiMarco-Hammond vacated the apartment on December 9, 2005.

Landlord filed a claim against Defendants claiming $1,700.00 in arrears for October and November 2005 and an additional $5,000 for the remaining term of the lease through April 14, 2006. In this action Ms. DiMarco-Hammond moves for partial summary judgment on her counterclaims for 1) a determination that she is not liable for the full term of the lease; 2) Landlord's failure to return security deposit; and 3) a security deposit held in excess of two months rent in violation of 14 M.R.S.A. § 6032. Mr. Hammond moves to amend his Answer.

## DISCUSSION

### I. Motion to Amend Pleading.

Mr. Hammond moves this Court to amend his Answer pursuant to M.R. Civ. P. 15(a). Landlord objects to the motion.

A party may amend the party's pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." M.R. Civ. P. 15(a). "Whether to allow a pleading amendment rests with the court's sound discretion." *Holden v. Weinschenk*, 1998 ME 185, ¶ 6, 715 A.2d 915, 917 (*quoting Diversified Foods, Inc. v. First Nat'l Bank of Boston*, 605 A.2d 609, 616 (Me. 1992)).

---

[2] The amount of the security deposit is disputed, however in answering the counterclaim Landlord admits that $2,000 is being held as a security deposit and $400 was paid as a non-refundable deposit for pets. (Answer to Ms. DiMarco-Hammond's Counterclaim ¶ 2.) Defendants contend that the security deposit being held is $2,400, construing the non-refundable pet deposit as part of the security deposit.

2

However, "[i]f the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice to the opponent." *Id.* (*quoting* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.4 (2d ed. 1970)). "Courts and commentators have repeatedly stressed that the Rule requires that leave to amend be liberally granted." *Barkley v. Good Will Home Assoc.*, 495 A.2d 1238, 1240 (Me. 1985).

In this case Mr. Hammond moves to amend his Answer because he is named jointly as a Defendant with his ex-wife, Ms. DiMarco-Hammond and was unaware of certain facts that pertained to the security deposit on the Apartment. Such information provided him with a counterclaim against Landlord. These counterclaims have already been made by Ms. DiMarco-Hammond and consequently should not prejudice Landlord. There is no evidence that Mr. Hammond is acting in bad faith or with the intent to delay the litigation. Accordingly, the motion to amend his answer should be granted.

## II. Motion For Partial Summary Judgment.

### a. Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65. "Facts

3

contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4).[3]

### b. Defendant DiMarco-Hammond's Motion for Partial Summary Judgment

Ms. DiMarco-Hammond moves for partial summary judgment declaring that 1) she does not owe Landlord rent from the date she vacated the premises through the expiration date on the Lease; 2) Landlord has forfeited her right to retain the security deposit under 14 M.R.S.A. § 6033; and 3) that Landlord's collection of $2,400.00 as a security deposit for the Property is in excess of twice the monthly rent and thus constitutes an unfair trade practice.

### i. Period of Tenancy at Issue

Landlord claims that Defendants owe rent through the term of the lease (April 14, 2006). Ms. DiMarco-Hammond counters that if any rent remains due, it can only be claimed through the date she vacated the Apartment (December 9, 2005). Ms. DiMarco-Hammond argues that a plain reading of the lease provides a thirty-day notice to terminate the lease by either party, or alternatively that vacating the premises terminates the lease within 30 days. *See* Lease ¶ 28.[4] However that notice to terminate,

---

[3] In this case Ms. DiMarco-Hammond failed to oppose Landlord's additional statement of material facts. However, Landlord failed to comply with the form to oppose Ms. DiMarco-Hammond's statement of material facts. *See* M.R. Civ. P. 56(h)(2).

[4] Paragraph 28 of the Lease reads:

**28. HOLDOVER**

If the Tenant holds over after the expiration of the term of this lease, this lease shall continue on a year-to-year basis, and the rent will automatically renew each year.

Either party may terminate this lease by giving the other party written notice at least thirty (30) days prior to the date of termination. If Tenant fails to give thirty (30) days written notice before vacating the Apartment, Tenant agrees to pay Landlord one month's additional rent upon vacating.

4

as Landlord points out, is part of a holdover provision, not an independent termination clause under the Lease.

There is also an eviction provision in the Lease. *See* Lease ¶ 26.[5] Neither party disputes that Landlord served Ms. DiMarco-Hammond with a seven-day notice to terminate tenancy on October 30, 2007.[6] Consequently, the Lease was terminated by Landlord on November 7, 2005 and Ms. DiMarco-Hammond became a holdover tenant at that time. "[T]he legal positions of a landlord and tenant during a holdover period are the same as during the period of the lease, unless the lease expressly and unambiguously disclaims any of these rights and responsibilities." *Small v. Durago Partners, LLC*, 2007 ME 99, ¶ 12, 930 A.2d 297, 301.

In this case Landlord terminated the lease at midnight on November 7, 2005. Ms. DiMarco-Hammond became a holdover tenant and was thus subject to the holdover provision of the Lease at Paragraph 28. (*See* footnote 5.) Accordingly, Ms. DiMarco-Hammond is liable, under paragraph 28 of the Lease, for an additional month's rent after vacating the Apartment.

Because there are no material facts in dispute regarding the above analysis, judgment as a matter of law that the Lease terminated on November 7, 2005 and that,

---

[5] Paragraph 26 of the Lease reads:

**26. BREACH/EVICTION**

Any violation of the provisions of this Agreement by the Tenant will be deemed to be a breach of the lease, and any remaining term will be forfeited; the Landlord has the right to bring a forcible entry and detainer (eviction) action against the Tenant, and any other appropriate legal action, in the event of a breach or threatened breach by the Tenant of any of the provisions of this lease.

[6] Though the Notice to Terminate was not incorporated in either party's statement of material facts, it was made part of affidavits sworn to by both parties, and consequently, the Court takes notice of the fact.

on that date, Ms. DiMarco-Hammond became a holdover tenant subject to the holdover provision agreed to by the parties, is appropriate. Ms. Di-Marco-Hammond is not liable for the full term of the lease but only the amounts due as a holdover tenant pursuant to paragraph 28 of the Lease.

### ii. Right to Withhold Security Deposit

Ms. DiMarco-Hammond further claims that Landlord impermissively withheld the security deposit in violation of 14 M.R.S.A. § 6033 because Landlord failed to send her a letter within the statutory time period detailing the reason for withholding refund of the deposit. Section 6033 reads in pertinent part:

> A Landlord shall return to a tenant the full security deposit deposited with the landlord by the tenant or, if there is actual cause for retaining the security deposit or any portion of it, the landlord shall provide the tenant with a written statement itemizing the reasons for the retention of the security deposit or any portion of it.

14 M.R.S.A. § 6033(2) (2006). It is undisputed that Landlord continues to retain Defendants' security deposit and that Landlord sent no letter itemizing reasons for retaining the deposit.

Landlord asserts that an alternative "superseding" oral agreement exists eliminating the need for a letter pursuant to section 6033. Landlord cites no case law in support of this proposition. The Law Court has stated that "[t]hese statutes make clear that defendant forfeited his right to retain the [security deposit] by failing to provide his former tenant with a written explanation of the withholding. . . . " *Karantza v. Salamone*, 435 A.2d 1384, 1385-86 (Me. 1981). There is no provision in the statute for "superseding" agreements.

Because there are no material facts in dispute regarding retention of the deposit and lack of notice of reason for retention of the deposit, summary judgment is

appropriate on this point. Landlord has impermissibly retained Defendants' security deposit pursuant to section 6033 for failing to inform them, in writing, of her reason for the retention.

### iii. Unfair Trade Practice

Finally, Ms. DiMarco-Hammond seeks summary judgment regarding the amount of security deposit held by Landlord. She asserts that Landlord withheld more than the equivalent of two months rent in violation of 14 M.R.S.A. § 6032.[7] Such a violation, she asserts, constitutes an unfair trade practice pursuant to 5 M.R.S.A. § 207.

The parties dispute the amount of the security deposit. Ms. DiMarco-Hammond asserts that Landlord retained $2,400.00 as a security deposit at Lease signing. In her answer, Landlord admitted to a $2,000.00 security deposit with a $400 "non-refundable security deposit" for keeping pets in the Apartment.[8] A "security deposit" is defined under the statute as "any advance or deposit, regardless of its denomination, of money, the primary function of which is to secure the performance of a rental agreement for residential premises or any part thereof." 14 M.R.S.A. § 6031(2). A deposit is defined as "[m]oney placed with a person as earnest money or security for the performance of a contract. The money will be forfeited if the depositor fails to perform." *Black's Law Dictionary* 196 (2d pocket ed. 2001).

In this case the amount in controversy relevant to this claim is the $400 pet deposit. Because that amount is not held in security for performance under the Lease but is a non-refundable fee for having a pet in the Apartment, it cannot be construed as

---

[7]     Section 6032 reads: "No lessor of a dwelling intended for human habitation shall require a security deposit equivalent to more than the rent for 2 months."

[8]     In her opposition to the Motion for Summary Judgment, Landlord asserts that the security deposit held was only $1,000; however, this amount contradicts the amount admitted in her Answer to Ms. DiMarco-Hammond's counterclaim at ¶2.

part of the security deposit.  Accordingly, summary judgment should be denied on this point.

## CONCLUSION

Mr. Hammond's Motion to Amend his Answer is Granted.

Ms. DiMarco-Hammond's motion for summary judgment regarding liability for rent under the lease is Granted.  She is liable as a holdover tenant from midnight November 7, 2005 through December 9, 2007 under paragraph 28 of the Lease.  She is not liable for the full term of the lease.

Ms. DiMarco-Hammond's motion for summary judgment regarding impermissible retention of the security deposit under 14 M.R.S.A. §6033 is Granted.

Ms. DiMarco-Hammond's motion for summary judgment regarding her claim for unfair trade practices and violation of 14 M.R.S.A. §6032 is Denied.


Dated:      January  11 , 2008

Neal L. Weinstein, Esq. - PL
Frank D'Alessandro, Esq. - DEF. MARLENE DIMARCO-
                                    HAMMOND
Michael O'Toole, Esq. - DEF. WILLIAM S. HAMMOND

G. Arthur Brennan
Justice, Superior Court