MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2025 ME 95
Docket:        Cum-24-13
Argued:        February 7, 2025
Decided:       December 4, 2025

Panel:         STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, and DOUGLAS, JJ.*

ZAKARIA ALLAF et al.

v.

SHORELINE HOLDINGS FIVE, LLC, et al.

STANFILL, C.J.

[¶1]  Zakaria Allaf and Stephanie Crosby brought a small claims action against Shoreline Holdings Five, LLC, and Robb Crawford (collectively, Shoreline) alleging wrongful retention of their security deposit and violation of the implied warranty of habitability with regard to a residential tenancy.  The District Court (Portland, *Nofsinger, J.*) found in favor of Allaf and Crosby on both claims, entering judgment in the amount of $6,000 plus attorney fees and costs.  Shoreline appeals from the judgment of the Superior Court (Cumberland County, *O'Neil, J.*) affirming the small claims judgment.  Shoreline argues that the evidence is insufficient to support the small claims court's finding of liability on the wrongful retention claim.  Shoreline also contends that the court erred

---

* Although Justice Horton participated in this appeal, he retired before this opinion was certified.

2

by awarding attorney fees in addition to $6,000 in damages because of the statutory "monetary limit" of $6,000 on small claims actions, 14 M.R.S. § 7482 (2025).[1] We disagree with both contentions and affirm the judgment.

## I. BACKGROUND

[¶2] The small claims court found the following facts, which are supported by competent evidence in the record. *See Lyle v. Mangar*, 2011 ME 129, ¶¶ 2-3, 11, 36 A.3d 867. In August 2020, Crawford agreed to lease an apartment in Biddeford to Allaf, Crosby, and two other individuals.[2] The lease term ran from September 1, 2020, to August 1, 2021. The lease agreement called for the tenants to pay $1,795 per month in rent, with the first month's rent, the last month's rent, and a $1,795 security deposit due upfront. These upfront costs were paid jointly by the four tenants.

[¶3] In July 2021, after the other tenants moved out, Allaf, Crosby, and Crawford signed a new lease agreement that included the same terms and was to run through June 30, 2022. Allaf and Crosby paid the $1,795 security deposit for the new lease by allowing Crawford to retain the security deposit paid on

---

[1] The Legislature has passed a bill that will amend 14 M.R.S. § 7482 to increase the monetary limit in small claims actions to $10,000. *See* P.L. 2025, ch. 261, §§ 1-2 (effective Jan. 1, 2026). The amendment does not affect our analysis in this appeal.

[2] In March 2022, after Allaf and Crosby moved out of the apartment, Crawford sold the building to Shoreline Holdings Five, LLC. Crawford indicated during a hearing that he is a member and manager of that entity.

the first lease and reimbursing the other two tenants for their contributions to that deposit.

[¶4]  In August 2021, shortly after the new lease term began, Allaf and Crosby informed Crawford about a cockroach infestation in the apartment.  In the following months, Crawford tried to remedy the issue, but the infestation persisted.  On November 9, 2021, Crosby spoke with Crawford about the cockroach infestation, and Crawford indicated that Allaf and Crosby could move out before the end of the lease term if the situation did not improve.  In early January 2022, Allaf and Crosby notified Crawford in writing that the cockroach situation had not improved and that they intended to move out.  Crawford did not directly respond, but he arranged for his agent to walk through the apartment with Allaf and Crosby when they moved out on January 14, 2022.  During the walk-through, the agent told Allaf and Crosby that she would reach out about the security deposit within thirty days.

[¶5]  Crosby contacted Crawford and his agent repeatedly over the next two months, asking about the security deposit. She received no response until March 7, when Crawford's attorney emailed her and stated that Crawford did not consider the lease terminated and was withholding the security deposit.

4

[¶6] On July 21, 2022, Allaf and Crosby filed a small claims action alleging that Shoreline (1) wrongfully withheld their security deposit in violation of 14 M.R.S. §§ 6033-6034 (2025) and (2) breached the implied warranty of fitness for human habitation under 14 M.R.S. § 6021 (2025).[3] After a trial, at which all parties were represented by counsel, the court entered a judgment in favor of Allaf and Crosby. On the security deposit claim, the court awarded remedies that tracked 14 M.R.S. § 6034(2): damages in the amount of $3,590, which was "double . . . th[e] portion of the security deposit wrongfully withheld," plus attorney fees and court costs. On the implied warranty claim, the court awarded Allaf and Crosby $2,410, bringing the total judgment to $6,000 "plus costs and attorney's fees."[4]

[¶7] Allaf and Crosby submitted an affidavit of attorney fees and a bill of costs. Before the court issued an order awarding attorney fees and costs, Shoreline appealed to the Superior Court, requesting review of legal issues and waiving the right to a jury trial de novo. *See* M.R.S.C.P. 11. The Superior Court

---

[3] Allaf and Crosby also claimed that Shoreline violated the Maine Unfair Trade Practices Act. The small claims court did not ultimately adjudicate that claim, and it is not at issue in this appeal.

[4] The court indicated that the recovery on the implied warranty claim would have exceeded $2,410, but it "reduced" that amount "to comply with the [$6,000] statutory limitation[]."

affirmed the small claims judgment, and Shoreline timely appealed to us. *See* M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶8] Shoreline argues that (1) the evidence does not support the small claims court's finding of liability on the wrongful retention claim and (2) the court erred by awarding attorney fees in addition to $6,000 in damages because of the statutory limit of $6,000 on the "debt or damage" in a small claims action, 14 M.R.S. § 7482.[5]

### A. Sufficiency of the Evidence

[¶9] We first address Shoreline's challenge to the District Court's determination that Shoreline is liable under 14 M.R.S. §§ 6033-6034 for wrongfully withholding Allaf and Crosby's security deposit.

[¶10] Pursuant to 14 M.R.S. § 6033(2)(A), within thirty days after termination of a lease, a landlord must either return the tenant's security deposit or provide the tenant with a written statement detailing the reasons why the landlord has retained some or all of the deposit. If the landlord fails to do so and fails to return the entire deposit within seven days after receiving notice of impending legal action by the tenant, "it is presumed that the landlord

---

[5] Shoreline does not challenge the court's finding that it breached the implied warranty of habitability.

6

is wrongfully retaining the security deposit," *id.* § 6034(1), and "the landlord has the burden of proving that the . . . withholding of the security deposit . . . was not wrongful," *id.* § 6034(3). A landlord who wrongfully retains a security deposit is "liable for double the amount of that portion of the security deposit wrongfully withheld . . . , together with reasonable attorney's fees and court costs." *Id.* § 6034(2).

[¶11] Here, the parties had a written lease through June 30, 2022. The court found that the parties agreed to terminate the lease early, in January 2022. Shoreline argues that there is no evidence in the record to support that finding. Because Shoreline did not request a jury trial, we examine only legal issues, which we review de novo. *White v. Real Deal Auto Sales & Serv. Ctr., LLC*, 2024 ME 18, ¶ 8, 314 A.3d 189; *see* M.R.S.C.P. 11(d)(1)-(3). "Legal issues do *not* include questions of weight to be given to evidence," but whether a small claims plaintiff presented sufficient evidence to support a finding of liability as a matter of law "is cognizable on appeal." *Portfolio Recovery Assocs., LLC v. Bickford*, 2017 ME 140, ¶ 9, 166 A.3d 986. We review the District Court judgment directly when the Superior Court acts in its appellate capacity, determining "de novo whether the record evidence was sufficient, as a matter

of law, to support the result the District Court reached." *White*, 2024 ME 18, ¶ 8, 314 A.3d 189.

[¶12]　Here, the record contains sufficient evidence to support the District Court's findings that the lease terminated early—by agreement—when Allaf and Crosby moved out on January 14, 2022, and that as a result Shoreline failed to timely provide Allaf and Crosby with either their entire security deposit or a written statement itemizing the reasons for retention of the deposit. *See infra* ¶ 4; *Dahl v. Comber*, 444 A.2d 392, 392-93 (Me. 1982) ("The existence of surrender and acceptance [of a leasehold] depends on the intent of the parties and is a question of fact."). We therefore decline to disturb the determination that Shoreline wrongfully withheld Allaf and Crosby's security deposit under 14 M.R.S. §§ 6033-6034.

**B.　Whether Attorney Fees May Be Awarded in Addition to a $6,000 Damages Award**

[¶13]　Shoreline also argues that the court erred by awarding attorney fees in addition to the $6,000 damages award because 14 M.R.S. § 7482 caps the "debt or damage" recoverable in a small claims proceeding at "$6,000 exclusive of interest and costs."

### 1. Ripeness

[¶14]  Because the District Court has not yet determined the amount of the attorney fees that Allaf and Crosby are entitled to, we must first examine whether this issue is ripe for appellate review. *See, e.g.*, *Est. of Kingsbury*, 2008 ME 79, ¶ 4, 946 A.2d 389 (explaining that unless an exception to the final judgment rule applies, we reach the merits of an appeal only when the appeal is from a final judgment that leaves "no questions for the future consideration and judgment of the court" (quotation marks omitted)).  Shoreline's argument does not depend on the amount of attorney fees ultimately awarded; rather, Shoreline argues that an attorney fees award in any amount will cause the total monetary relief to exceed the statutory "debt or damage" cap.  Shoreline agreed at oral argument that the amount of attorney fees and costs claimed by Allaf and Crosby in this case is reasonable and that its only argument is that the court could not legally award attorney fees *at all* after awarding $6,000 in damages.  Under these unique circumstances, we are not concerned about piecemeal appeals.  *Cf. McKenna v. Pray*, 2024 ME 58, ¶ 34, 320 A.3d 415.  Instead, "resolution of the appeal can establish a final, or practically final, disposition of the entire litigation and the interests of justice require that an immediate review be undertaken," *Trump v. Sec'y of State*, 2024 ME 5, ¶ 18, 307 A.3d 1089

(quotation marks omitted), and the judicial economy exception to the final judgment rule therefore applies.

### 2. Merits

[¶15]  We interpret statutes de novo. *Est. of O'Donnell*, 2024 ME 20, ¶ 18, 314 A.3d 197.  We look first to the plain meaning of the language of the statute at issue, seeking "to give effect to the intent of the Legislature [and] construing the statutory language to avoid absurd, illogical, or inconsistent results."  *Id.* (quotation marks omitted).  If the statute's language is ambiguous, we look beyond that language to examine other indicia of legislative intent.  *E.g.*, *MaineToday Media, Inc. v. State*, 2013 ME 100, ¶ 6, 82 A.3d 104.  We also consider "the entire statutory scheme of which the provision at issue forms a part."  *Scamman v. Shaw's Supermarkets, Inc.*, 2017 ME 41, ¶ 14, 157 A.3d 223 (quotation marks omitted).

[¶16]  The wrongful-retention statute directs the court to award attorney fees to prevailing tenants:

> The wrongful retention of a security deposit in violation of this chapter renders a landlord liable for double the amount of that portion of the security deposit wrongfully withheld from the tenant, together with reasonable attorney's fees and court costs.

14 M.R.S. § 6034(2); *see Robbins v. Foley*, 469 A.2d 840, 842-43 (Me. 1983) (holding that a court must award attorney fees if it determines that a landlord

wrongfully withheld a security deposit).[6]  The statutory definition of "small claim," meanwhile, provides as follows:

> Notwithstanding the total amount of a debt or contract, a "small claim" means a right of action cognizable by a court if the debt or damage does not exceed $6,000 exclusive of interest and costs.

14 M.R.S. § 7482.

[¶17]  The issue presented here is whether attorney fees awarded pursuant to a fee-shifting statute such as the wrongful-retention statute, section 6034(2), constitute part of the "debt or damage" that section 7482 limits in small claims actions.  Shoreline argues that attorney fees must be included in the $6,000 limit on "debt or damage" because they are not part of the "interest" or "costs" excluded from it.  We disagree.  Although section 7482 is ambiguous because it does not expressly place statutorily-mandated attorney fees in either its "debt or damage" category or its "interest and costs" category, we conclude that attorney fees awarded under a fee-shifting statute

---

[6]  Although the statute has been amended since we examined it in *Robbins*, we do not view the amendment as affecting the requirement that the court award attorney fees to a tenant who prevails on a wrongful retention claim.  *See Robbins*, 469 A.2d at 842 (citing 14 M.R.S.A. § 6034(2) (1980)); P.L. 1995, ch. 52, § 2 (effective Sept. 29, 1995); Off. of the Revisor of Statutes, *Maine Legislative Drafting Manual*, pt. III, ch. 1, §§ 4(B)(2), 14(F)(1), ch. 2, § 1(A)(1)(b)(i), (iii) (1st ed. Oct. 1990, rev. Nov. 1994).

are not part of the "debt or damage" and are instead part of the "costs" in a small claims action.[7]

[¶18]  The meaning of an award of "costs" is variable and at least in some contexts includes attorney fees.  When deciding whether to award discretionary attorney fees, Maine courts consider whether the "costs of the litigation" should be shifted from one party to another.  *Jandreau v. LaChance*, 2015 ME 66, ¶ 29, 116 A.3d 1273.  Black's Law Dictionary defines "cost," among other ways, as "[t]he expenses of litigation, prosecution, or other legal transaction, esp. those allowed in favor of one party against the other," and it notes that in some jurisdictions, attorney fees can be claimed "as a litigation cost."  *Cost*, Black's Law Dictionary (12th ed. 2024), Westlaw; *see Legal Costs*, Black's Law Dictionary (defining "legal costs" as "[a]ttorney's fees and other expenditures related to a lawsuit").

[¶19]  In various statutes, the Legislature has also expressly described attorney fees as a type of recoverable litigation cost.  *See, e.g.*, 14 M.R.S. § 1522 (2025) (providing that in certain actions a court must "allow litigation costs, including . . . reasonable attorney's fees . . . , to be deposited in the General Fund"); 12 M.R.S. § 6077(4) (2025) (referring to "reasonable attorney's fees

---

[7] We have reviewed the relevant legislative history, and nothing in it sheds any light on this issue or suggests otherwise.

and other litigation costs"); *accord* 7 M.R.S. § 2303(4) (2025); 12 M.R.S. § 8307(4) (2025); 12 M.R.S. § 8870(6) (2025); 12 M.R.S. § 9701 (2025); 13 M.R.S. § 1958-B(1) (2025); 26 M.R.S. § 892 (2025); 26 M.R.S. § 931 (2025); 26 M.R.S. § 965(2)(C), (6) (2025); 26 M.R.S. § 968(1) (2025); 26 M.R.S. § 1026(5) (2025); 26 M.R.S. § 1285(8) (2025); 26 M.R.S. § 3706(1) (2025); 38 M.R.S. § 1310-B(1) (2025).  Moreover, Maine statutes that refer separately to attorney fees *and* costs—including the wrongful-retention statute, 14 M.R.S. § 6034(2)—generally indicate that the two are available under the same circumstances rather than treating them as separate forms of relief.  *See, e.g.*, 1 M.R.S. § 409(4) (2025); 10 M.R.S. § 1167 (2025); 12 M.R.S. § 4614 (2025); 14 M.R.S. § 6101 (2025); 14 M.R.S. § 8112(1), (2), (2-A) (2025); 22 M.R.S. § 14(1) (2025); 34-A M.R.S. § 1406(5) (2025); 39-A M.R.S. § 325(1) (2025).

[¶20]  This understanding of attorney fees as a type of recoverable litigation cost is also reflected in the text of the wrongful-retention statute.  The statute awards "[d]ouble damages for wrongful retention," defined as "double the amount of that portion of the security deposit wrongfully withheld." 14 M.R.S. § 6034(2).  It then indicates that, separate from these "double damages," the tenant is entitled to "reasonable attorney's fees and court costs." *Id.*  Thus, the statute treats attorney fees as separate from the measure of

damages and recoverable in the same manner as "court costs." *Id.* That treatment makes sense: both court costs and attorney fees are expenses incurred by a party during litigation and are different in nature from the original loss incurred. *See Damages*, Black's Law Dictionary ("Damages are the sum of money which a person wronged is entitled to receive from the wrongdoer as compensation for the wrong." (quotation marks omitted)). The language of section 6034(2) is therefore at odds with Shoreline's contention that the "costs" excluded from the $6,000 cap do not include a statutory award of attorney fees. To the contrary, section 6034(2) treats court costs and attorney fees as the same type of relief, recoverable in the same manner, and separate from damages. Construing the small claims statute to exclude one but not the other would be inconsistent with the text of the wrongful-retention statute.

[¶21] We agree with Allaf and Crosby that interpreting section 7482 to prohibit an award of attorney fees when the damages reach the $6,000 "debt or damage" limit would also be inconsistent with the purposes of fee-shifting provisions in consumer-protection statutes like section 6034. *See, e.g., Dickau v. Vt. Mut. Ins. Co.*, 2014 ME 158, ¶ 21, 107 A.3d 621 ("[W]e must interpret the plain language [of a statute] by taking into account the subject matter and

purposes of the statute, and the consequences of a particular interpretation.").

These fee-shifting provisions "encourage litigation [that] might otherwise be prohibited by economic considerations, in order to vindicate important public interests," *Poussard v. Com. Credit Plan, Inc. of Lewiston*, 479 A.2d 881, 886 n.6 (Me. 1984), such as "the State's interest in discouraging the abuse of tenants by landlords," *Harris v. Soley*, 2000 ME 150, ¶ 31 n.18, 756 A.2d 499 (citing section 6034 as an example of a statute serving that interest). They also encourage settlement by serving as "deterrence of unmeritorious defenses against small claims," *Colony Cadillac & Oldsmobile, Inc. v. Yerdon*, 558 A.2d 364, 368 (Me. 1989). Interpreting section 7482 in the way that Shoreline suggests would unnecessarily disincentivize plaintiffs from seeking legal assistance in pursuing meritorious small claims actions. Moreover, the availability of attorney fees awards for prevailing plaintiffs in small claims matters does not impede the simplified, expedited nature of small claims proceedings, and indeed the nature of small claims proceedings means attorney fee awards are likely to be smaller than in full-blown civil litigation. *See* 14 M.R.S. § 7481 (2025) (describing the purpose of a small claims proceeding); *Lettenmaier v. Lube Connection, Inc.*, 741 A.2d 591, 596 (N.J. 1999) (explaining that including attorney fees within the jurisdictional limit of New Jersey's small-claims analog "would confound the

purposes behind" that system and force plaintiffs seeking counsel fees "to file in the Superior Court, with its complex discovery and calendar delay").

[¶22]  We acknowledge that the term "costs" does not always include attorney fees.  For example, the statutes governing the general award of costs of court for lawsuits do not include attorney fees within that category.  *See* 14 M.R.S. § 1502-B (2025) (listing "[r]ecoverable costs" that "shall be allowed" in civil actions and not including attorney fees); *id.* § 1502-C (2025) (listing "[d]iscretionary costs" that a court "may include as costs" and not including attorney fees).  On the other hand, these generally applicable statutes govern *all* civil actions, and attorney fees are available in only a subset of civil actions.  *See, e.g.*, *Baker v. Manter*, 2001 ME 26, ¶¶ 12-14, 765 A.2d 583 (summarizing the circumstances in which attorney fees may be awarded).  The fact that the term "costs" does not include attorney fees in some contexts does not suggest that the Legislature intended to include attorney fees in the $6,000 "debt or damage" cap on small claims.

[¶23]  We are also aware that in federal courts, attorney fees may be included as part of the $75,000 "matter in controversy" requirement for diversity jurisdiction under 28 U.S.C.A. § 1332(a) (Westlaw through Pub. L. No. 119-36).  *See Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Suber v.*

*Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). We view that as very different, however, because "including attorneys' fees against the jurisdictional limit in the context of the federal diversity statute is designed to expand access to the federal court for substantial cases, not contract access to small claims court where matters are efficiently and expeditiously resolved." *De Stefano v. Apts. Downtown, Inc.*, 879 N.W.2d 155, 173 (Iowa 2016); *see also Lettenmaier*, 741 A.2d at 596 (explaining that the federal approach in diversity cases "loses its persuasive power entirely when it is applied to circumscribe a litigant's access to a court that is especially suited to his or her claims").

[¶24] Our interpretation of the small claims and wrongful-retention statutes is consistent with the purposes of those statutes. Our conclusion is also consistent with the weight of authority across other jurisdictions that have considered similar issues, and we agree with the reasoning of those courts. *See De Stefano,* 879 N.W.2d at 164-174 (collecting cases); *Lettenmaier*, 741 A.2d at 592-97; *Drake v. Menczer*, 425 N.E.2d 961, 962-63 (Ohio Ct. App. 1980); *Arabian v. Kearns*, 667 P.2d 1038, 1039-40 (Or. Ct. App. 1983); *Reusch v. Roob*, 610 N.W.2d 168, 178-79 (Wis. Ct. App. 2000); *see also Ram-Kabir of Am., LLC v. S.C. Anderson Grp. Int'l*, 199 So.3d 1240, 1244-45 (Miss. 2016) (Kitchens, J., concurring).

[¶25]  For all of these reasons, we conclude that attorney fees awarded under a fee-shifting statute that, like section 6034(2), provides for an award of attorney fees to the prevailing party are not included in "the debt or damage" capped at $6,000 under section 7482.  The court did not err, therefore, in ordering Shoreline to pay Allaf and Crosby's attorney fees in addition to $6,000 in damages.

The entry is:

Judgment affirmed.

Jeremy W. Dean, Esq. (orally), Portland, for appellants Shoreline Holdings Five, LLC, and Robb Crawford

Emma Halas-O'Connor, Esq. (orally), Pine Tree Legal Assistance, Inc., Portland, for appellees Zakaria Allaf and Stephanie Crosby

Cumberland County Superior Court docket number AP-2023-17
FOR CLERK REFERENCE ONLY